Judge Wood
delivered the opinion of the court:
The plaintiff’s counsel, in evidence to the jury, in support of the plaintiff’s title, offered to read the lease. The defendant’s counsel objected to this evidence: 1. Because the lease conveyed an estate in fee simple, and not for ninety-nine years, renewable forever, in the words of the act; 2. Because the plaintiff had not shown the performance of all the conditions which the law im *92 posed, before the trustees were authorized to make the lease, to-wit: that the consent of a majority of the inhabitants of Pike township had been obtained, in writing, and delivered to the county commissioners; 3. That the commissioners appointed three freeholders, who laid off the section into lots, and returned a plat of the survey to the clerk of the township; 4. That the freeholders appraised the lots, and returned their appraisement to the trustees, and that it was recorded by their clerk.
*To determine the first point it is only necessary to refei to the terms of the lease and the statute under which it was made. The lease recites the act, and contains these words : “ Commencing on May 1, 1816, agreeably to the above-described, act, subject, however, to all the provisions in the before-recited act contained,” The statute itself is by the parties referred to and made part of the-lease. As such, it will restrain or control its meaning and operation. Id certum est, quod cerium, reddi potest, is a maxim which may, with propriety, be applied to this conveyance; and although it may, at first view, appear to pass an estate in fee simple, yet when, by the agreement of parties, we take the act under which it was made as a part of the lease itself, it requires no very great penetration to discover that the estate conveyed is only a freehold' for ninety-nine years, renewable forever. This objection has been-separately noticed, because it does not exist in fact. Counsel have-mistaken the terms of the conveyance. The other objections, which have been ably urge d to the admissibility of this lease in evidence, in our opinion, have no application here.
The defendant claims title to the premises under a sale of the same made by the trustees of Pike township, for the non-payment of the rent by the ancestor of the plaintiff’s lessors. The ancestor’s legal, quiet, and peaceable possession under the lease is not denied. If the ancestor, therefore, had no title the defendant took nothing by his purchase, and the ancestor having the prior legal possession, the plaintiff is entitled to recover. The defendant claims, then, under the ancestor’s lease. It is said in the books a party is estopped from gainsaying a title which is recognized in a deed under which he claims. Cox, 432. It is also said that where both parties claim title, even under the same defective survey in ejectment, the defendant shall not take advantage of the defect. 3 Caine, 188. It would therefore appear, if such be the law, and it is supported by high authority, that whether the conditions, on *93 which the trustees were authorized and required to execute the ■lease to the ancestor, were performed or not; indeed, however defective that title may be, the defendant claiming under it is, in this suit, estopped from denying its legality. It follows, then, as our opinion, that no error intervened in admitting this lease to be read in evidence to the jury.
The defendant, to prove his title, then offered in evidence the ■transcripts oí two judgments of a justice of the peace, *ob- [90 tained in the name of the treasurer of the township of Pike, the •first in 1822, the last in 1824, against the ancestors of the plaintiff’s lessors, for the non-payment of the rent; an entry on the transcripts, that execution was issued and returned nulla bona; .and a copy of the records of the township of Pike, in which was ,an entry, that the trustees had given the notice and sold the interest of the said Thomas Hart to the one hundred and eight' acres of land to Thomas Johnson, the defendant.
The plaintiff objected to the admission of the transcripts in evidence, on the ground that the judgments were entered in the name of the treasurer of the township of Pike, and not in the name of the trustees, as required by the act, which objection was -•sustained. Did the court err in rejecting this evidence?
This is an attempt to divert an estate for & forfeiture, and every ■step which is taken for such a purpose is required to be in strict conformity with the law. It is true there is a class of cases of a , different description, and where the court have established a different doctrine. Barrell v. Reed, and Miller v. Commissioners of Montgomery County, 1 Ohio, 272, are cases where a bond was .given, in each case, to an officer different from what the law required. In these cases, however, the suits instituted were to enforce the contracts the parties had made, on a good and legal consideration. To enforce them was compelling the defendants to perform that only which they had agreed to do. This case, it is ■claimed, is different. The lease of Thomas Hart was with the trustees of Pike township. They were the persons required by the act to be plaintiffs in a suit for the rent, and the only persons to whom the promise was made. There is no privity of contract between Thomas Hart and the township treasurer. There is no statutory provision nor common law principle which would enable him to maintain the action. Thomas Hart did not, however, take ■advantage of the illegality of these proceedings. He stood by, *94 suffered judgments to be obtained, and the trustees to avail themselves of the judgments. The court is of opinion it is now too-late to question their legality. Those transcripts, therefore, were, in our view, admissible evidence.
The plaintiff, then, objected to the admissibility of the township-records to prove the security, notice, and sale of the land in controversy, to the defendant, because the trustees.did not enter on, give notice of, and sell the whole northeast quarter leased to the 91] said Thomas Hart, and not one hundred and eight acres *only, which objection was sustained by the court. Let us inquire if the court erred in overruling this testimony ?
The act provides that section 16 shall be laid off into lots of' not less than forty, nor more than one hundred and seventy acres-each. In leasing these lots, there is no provision in the statute by which they may be subdivided. They are to be leased in-whole lots, as they are laid off. The whole lot is liable for the payment of the rent. When the rent is not paid, the trustees, after suit brought and execution returned nulla bona, are to-enter on the lands, and to sell the right of the lessee in such lease.. They are not authorized to sell a part of the lessee’s interest, nor to enter on a part of the land. The law clearly negatives-the idea of any subdivision of the interest of the lessee. Thomas Hart was the lessee of the whole one hundred and fifty-eight acres. The trustees could take no notice of the lease by Hart to-Hume; that was between the parties to the lease. It was, therefore, the duty of the trustees, if the rents were not paid, to enter upon and sell the whole one hundred and fifty-eighty acres, or-the whole of the lessee’s right to it, and not his interest in the one-hundred and eight acres only. Not having done so, their proceedings are contrary to law, and convey no title to the purchaser, the defendant. This evidence offered, then, was properly rejected.
The question only then remains, ought the court to grant a. new trial? It is a general rule that when evidence competent, and which would conduce to prove the issue, has been rejected, a new trial shall be granted. But is not this case an exception to the rule. The defendant’s counsel has disclosed all the evidence he has, or ever can have, on the trial of this cause, to prove his title. It consists, not only of the transcripts which were rejected, *95 but of the subsequent proceedings to consummate the sale to the defendant. Suppose a new trial granted, and the transcripts read in evidence to the jury, would it aid the defendant ? It certainly c<|uld not. The court must still reject the evidence of the sale, and without this, the defendant has no color of title. For what purpose, then, shall a new trial be granted?. Shall it be to admit the transcripts? to reject the subsequent proceedings? to instruct the jury that the defendant has no title in law? and finally to produce the same result which has already taken place— a verdict for the plaintiff — and which must inevitably follow 1 It would be idle in the extreme.
Motion denied.