Judge Lane
delivered the opinion of the court.
The defendants hold the estate of Samuel Foster. If he acquired a fee, by the proceedings in partition, it has passed to the defendants; but if his estate, in the half lot, or in any part of it, was for life only, and at his death passed to the heirs of his wife, the plaintiffs may recover it in this suit.
The mistake of the name of Mrs. Pillsbury, in the petition, and the omission to name her husband, are of no moment in this case. If she should interpose her claim to her original share, other *106 questions may arise. But if these litigants have any right to it,, it must flow through the sheriff’s deed, a common source of title,, which neither is at liberty to contest. 5 Ohio, 197.
The estate which a husband holds in his wife’s lands, as it may endure for life, and is determinable at no certain period, is a freehold. Co. Lit. 42, b; 351, a; 273, b; 325, b, n. 2. His estate is terminated at the death of the wife, unless the conditions exist, by which he retains the freehold, as tenant by the courtesy.
In view of the law, the holder of the freehold is the owner of the land. He is entitled to the possession and usufruct; chargeable with the feudal services under the old law; and in more-modern times, with the taxes and other burdens incident to land. As the intestate for lile and the remainder or reversion, constitute-but one fee, the law makes him the tenant to the precipe, and intrusts him with the defense of suits brought to recover the land,, with the privilege of praying their aid; and the record of a recovery, in a real action, in all cases where aid is prayed, and in some cases without it, is conclusive on their interests as privies. Co. Lit. ut swpra, 362, a; 2 Black. Com. 362; 3 Ib. 193.
A voluntary partition may be made by tenants for life, holding estates in joint tenancy or coparceny; when made by husbands, of wives’ lands, if equal, it binds the inheritance. The writ departitions facienda must be brought against such a tenant. It lies at common law against the tenant by the courtesy, although a ^stranger, and the benefit of this writ was given to him by the statute. 32 Henry 8, c. 32; Lit., sec. 264; Co. Lit. 174 b, et seq., and 171 a. n. 2.
The statute of 1804 (3 Stat. 378) gives to any joint tenant, tenant in common, a parcener, the right of making a partition, by petition to the court. Under this law, Samuel Foster, and his-wife Hepbzibah, who was properly joined in the writ (Lit., sec. 256; Co. Lit. 170, 176), united with some of their co-tenants in the proceedings before us. During the life of his wife, Foster was a necessary party to represent her interest; by her death, his estate by the courtesy continued him the tenant of the freehold, without-determining his rights or interests.
The court, having the case before them, proceeded to appoint commissioners to make partition, who reported that no division could be made without impairing the value of the land; Lave was given to Woodward and Foster, two of the parties to the proceed *107 ings, to take it at appraisal. The statute gave to the sheriff authority to convey, -which he has executed. The irregularities which are alleged to exist in these proceedings are not of such a • character as render them void, when questioned in this collateral-way. 5 Ohio, 255; 7 Ib. 257; 2 Pot. 157; 10 Ib. 450.
It is alleged that the deed is defectively executed, it being acknowledged by “the late sheriff.” The case shows that the deed was made by the sheriff while in office; his subsequent acknowledgment, although after his term has expired, is carried back, by relation, to the time of execution.
The marginal note, made by the recorder on the registry, cannot be admitted as evidence to affect the validity of the deed. When it was made does not appear, but it must have been after-registration. It is not competent for a public officer to undo what he has once done, and thus correct his errors; when he has executed his duties, he is functus officio, and has lost his power over the subject.
We are, therefore, led to conclude that these proceedings must be taken as valid between these parties, and that Foster acquired the rights of Abigail Pillsbury, and Mary and Seth Cutter, under them. The plaintiffs urge, that as Foster was a party to the suit, as a tenant for life, of an estate, the remainder of which belonged, to them, all his acquisitions were in that character, and should inure to their benefit after the determination of the particular-estate. The soundness of this position is not admitted; Foster was a party to'these proceedings in his own right, pursuing his *own interests, in the course of which he acquired the lands of these co-tenants by purchase. He can not charge the remainder with the purchase money. It is not just that they should reap the benefit of his advancement, or enjoy that for which they have never paid.
The remaining eighth, the original share of Mrs. Foster, being-already the property of Samuel, was not the subject of this sale. The interest of the remainder was not before the court, as no partition could separate it from the particular estate, and no money was professed to be paid for it. As the estate by courtesy has determined by the death of Foster, the remainder has become an> estate in possession, and may be recovered in this suit.
Judgment for plaintiffs for one eighth.