(Hamilton Co., Court of Common Pleas.)

ELLA M. GLEMSER, THEKLA M. GLEMSER, a minor by her next friend, EDWARD J. HARTH, v. MARIE GLEMSER, CHARLES E. GLEMSER The Gilt Edge Building & Loan Company, W. S. Little, Otta Steinborn, John Miller, Wm. Fangmeyer and Margaret Landesvater.

Whatever errors may have appeared in a partition proceeding, can only be corrected by proceedings in error, instituted by the party aggrieved thereby, and such party cannot attack it collaterally in some other proceeding brought, to set aside the original partition.

A person standing in the capacity of a trustee, but having an interest in the property, may buy in the property in a sale, under a proceeding instituted by a third party.

In partition proceedings, where a party interested either personally or as a trustee, becomes the purchaser, the law does not contemplate that such purchaser should actually pay over such amount. But if in the accounting the purchaser acknowledges to have received that money either in his personal capacity or as trustee, then in that capacity a receipt so given is equivalent to actually receiving the money in cash.

SAMUEL W. SMITH, J.

The petition in this case states that the plaintiff, Ella M. Glemser, was eighteen years of age on the 23rd day of September, 1895, and that Thekla M. Glemser is a minor, aged thirteen years; that said plaintiffs and the defendant Charles E. Glemser are children of Frederick Glemser, deceased, who died on the 19th day of April, 1882; that Frederick Glemser left a will, which was duly probated by the probate court of this county, on the 26th day of April, 1882; that the defendant, Marie Glemser, is the widow of Frederick Glemser; that the defendant, Charles E. Glemser, is the son of Frederick Glemser by a former wife, and that after her death the said Frederick Glemser married Marie Glemser, the defendant herein; and that plaintiffs are the children of said Frederick Glemser and the defendant Marie Glemser; that under the will of the said Frederick Glemser, Marie Glemser was appointed guardian, in April, 1882, of the plaintiffs, and that she has always acted as such guardian up to the present time. The petition then sets out that Frederick Glemser was the owner in fee simple, of two pieces of property in the city of Cincinnati, situated on the east side of Elm street north of Fifteenth street; that, in addition to the real estate left by said

Frederick Glemser, there was personal property also left by him, amounting to about $20,000; and that the estate of said Frederick Glemser is still unsettled, but all the debts of the said Frederick Glemser have been paid.

The petition further states that on or about the 16th day of December, 1893, the defendant Charles E. Glemser, filed his petition in the Court of Common Pleas of Hamilton county, against the plaintiffs and against the defendant Marie Glemser, both as guardian and as widow of said Frederick Glemser, setting up that he had a lawful right to be seized in fee simple of one undivided third part of the real estate situated on the east side of Elm street, subject to the dower of the said Marie Glemser; and prayed for a partition of said property; that afterward proceedings were had on said petition; that an answer was filed in behalf of the plaintiffs herein by the said Marie Glemser, their guardian, but no defense was in fact made in their behalf by said guardian, and that the rights of the plaintiffs in said partition suit were in no way represented; that on or about the 21st day of June, 1894, a decree was entered in said cause, finding that the plaintiff Charles E. Glemser had a legal right to the undivided one-third of said real estate, and was entitled to hold the same in severalty, and that the plaintiffs in this case were tenants in common with him, each of one undivided third interest in said premises, and an order was made that the defendant Marie Glemser be endowed of one-third part of said premises, and that subject to her said dower, partition of said estate be made, and that an order issue to the sheriff of this county, commanding him by the oaths of three freeholders of the vicinity, who were appointed commissioners for that purpose, that he set off to the said Marie Glemser her dower, and to the plaintiff Charles E. Glemser, and the defendants in said action, the plaintiffs herein, their proportions of said estate in severalty, and that if said commissioners should find that said premises could not be divided without manifest injury thereto, it was ordered that they appraise the same both subject to and free from the dower of said Marie Glemser. That thereafter a writ of partition was issued to said sheriff, and on or about the 15th day of September, 1894, no division having been made, the commissioners appraised the parcel of land first above described at $13,600, and the second at $10,500, free from the dower of said Marie Glemser; that they did not appraise, nor did they return the appraisement thereof subject to the dower of said Marie Glemser, as provided in said decree for partition.

The petition then states that on the 17th day of October, 1894, the court caused a decree to be entered, confirm-

ing the report of the commissioners, and finding that the premises could not be divided by metes and bounds without injury thereto, and that the appraisement of said premises free from the dower of the said Marie Glemser was in all respects in conformity to law, and did approve and confirm the same; that neither of the parties elected to take the premises at the appraisement, and it was ordered that the said premises be sold on the premises on the terms of one-third cash, and the balance in equal payments in one and two years, bearing six per cent. interest, and secured by mortgage on the premises; that the sale was thereafter duly held on the 3rd day of December, 1894, at public outcry, and that both pieces of property were struck off and sold to the defendant Marie Glemser, the first parcel for $9,520, and the second parcel for $7000., total, $16,520.

The petition then further states that the purchaser, Marie Glemser, did not pay to the sheriff the said purchase money, or any part thereof; that all the defendants knew that Marie Glemser was the guardian of these plaintiffs herein, and that with full knowledge of said facts all the defendants agreed among themselves, that the sheriff should make his return of the sale without any money having been actually paid to him by said purchaser Marie Glemser, and that said sale should be confirmed, and a deed executed and delivered to her, without the actual payment to the sheriff of any money whatever; that afterwards the defendant, the Gilt Edge Building & Loan Company, agreed to loan to the purchaser, Marie Glemser, the sum of $9,000 to be secured by her by a mortgage on said property, for the purpose of paying off the proportion of the fund to which the said Charles E. Glemser and the dower claim of said Marie Glemser would amount, the dower claim of the said Marie Glemser being consumed by judgment liens against her interest in the said property; and that it was agreed between the Gilt Edge Building Association, the said Marie Glemser, Charles E. Glemser, and her judgment creditors, that the money received on the mortgage, by the purchaser, from the Gilt Edge Building & Loan Company, should be distributed in payment of these claims—$875.20 due for taxes, the costs, and also $265.20 to the attorney for the plaintiff Charles E. Glemser, in said action, all together amounting to $635.23; that in pursuance of said arrangement the said Marie Glemser, the purchaser, defendant in this case, receipted upon the sheriff's books for two sums of $3826.88 each, as guardian of the plaintiffs Ella M. and Thekla M. Glemser, although in fact she had not received the said sum or any part thereof, and that this was done in order to carry out the arrangement heretofore alleged to have been made, and that in pursuance of said arrangement the Gilt Edge Building & Loan Company paid off the costs and taxes, the amount due to the said Charles E. Glemser, and to the creditors of Marie Glemser certain sums, leaving a balance of $1733.34, which was paid over to the attorney of Marie Glemser, W. S. Little. The petition then further sets out that the purchase of said property by the said Marie Glemser was illegal and void by reason of her being the trustee and guardian of plaintiffs; that she did not receive at any time the sums above set forth, as guardian of plaintiffs, nor any other sum whatever; and that the arrangement by which they were divested of their two thirds interest in said property is fraudulent and void, and that no money whatever was paid into the sheriff in said action, and that all of the defendants knew this. The defendants Otto Steinborn, John Miller, William Fangmeyer, and Margaret Landesvater, are made parties defendant, for the reason that they claim to have judgments against the defendant Marie Glemser.

The plaintiffs ask, in this suit, that all the proceedings in said partition suit, including the decree for partition, the attempted partition of said lands by said commissioners, the sale and confirmation thereof, as set forth, be set aside and held for naught, and that the defendants herein be enjoined from setting up any claim against the said interests; that their title to said property may be quieted as against them, and that they be restored to their rights as owners of the undivided two-thirds interest in said premises.

The answer of the Gilt Edge Building & Savings Company denies that the said Frederick Glemser left a large amount of personal property, worth about twenty thousand dollars, or any other sum, and denies that the executors under the will of said Frederick Glemser received said personal property or the assets of said estate, and denies that the said estate is still unsold. It also denies that in the partition proceeding set out in the petition, no defense was in fact made in behalf of said plaintiffs by their guardian in said action, and denies that the rights of the plaintiffs were not represented, but alleges that an answer was filed in said proceeding on behalf of said plaintiff by their guardian, Marie Glemser, their mother, and also an answer filed on behalf of said plaintiffs by C. K. Shunk, their duly appointed guardian ad litem in said proceeding, and that defense was made for them, and their rights represented and protected. The Building Association further denies that Marie Glemser did not pay to the sheriff the purchase money of said property in

said partition sale, and denies that it had any knowledge that the said Marie Glemser had not paid to the sheriff said purchase money, and denies that it agreed with the other defendants herein, or with any one, that the sheriff should make a return of the sale without any money having been actually paid to him by the said Mary Glemser, purchaser, and denies that it made any agreement that the sale should be confirmed and the deed executed and delivered to the said Marie Glemser by the sheriff without the actual payment to him of any money whatever. and denies that any such agreement was made by any one.

The Building Association admits that it agreed to loan to said Marie Glemser the sum of nine thousand dollars to be secured by a mortgage to be executed by her to it on said property, and says that it did loan said Marie Glemser the said sum of nine thousand dollars, and that the said Marie Glemser did execute to it a mortgage on said property securing said loan; but it denies that it agreed to loan said money or that it did loan said money in pursuance of any agreement on its part or the part of any person, to have the sheriff make a return without receiving any payment for said property. It further denies that it was agreed between it and the said Mary Glemser, and said Charles E. Glemser or any judgment creditor, that the money realized on the said mortgage should be distributed in payment of any special sum, and denies that in pursuance of any arrangement or agreement, the said Marie Glemser receipted to the sheriff for the sum of $3826.88 as guardian for the plaintiff Ella M. Glemser, and the sum of $3826.88 as guardian of the plaintiff, Thekla M. Glemser, and denies that the said Marie Glemser did not receive said sum or any part thereof from the said sheriff, and that said signing was done by Marie Glemser in order to carry out any arrangement between the Building Association and the said Marie Glemser, Charles E. Glemser and the judgment creditors of Marie Glemser. The answer further alleges that the said Marie Glemser paid for each and all the parcels of land purchased by her in said partition proceeding, the full consideration called for by the deeds executed and delivered her by the sheriff for said premises. It alleges that she paid the full purchase price for which said premises were sold to her in said action, and that the price she paid for said premises was the full value for each and all of said premises. It further alleges that the said Mary Glemser purchased said property, and paid the purchase price therefor, received the sheriff's deeds for the same, and took possession thereunder, and procured the said loan from this defendant, and executed her said mortgage to it with

the full knowledge of the plaintiffs. It further alleges that the money loaned by it to the said Marie Glemser as paid by the said Marie Glemser to the sheriff in payment for said premises, and that the same, together with the balance of said purchase price, paid to said sheriff by said Marie Glemser, was distributed by said sheriff under the order of the court in said partition proceeding in payment of costs, taxes and other liens and the distributive shares of the various parties to said partition proceeding. Defendant also denies that the purchase of said property by Marie Glemser at the time, in her own right, was illegal and void, and denies that she did not receive the sums due the said Ella M. Glemser and Thekla Glemser as their guardian; denies that the said plaintiffs were divested of their interest in said property by any fraudulent or void arrangement, and also denies that no money whatever was paid into the sheriff in said action, and denies also that it had any knowledge that no money was paid into said sheriff.

As a second defense the Building Association alleges that the plaintiffs, Ella M. Glemser and Thekla Glemser, are the children of Marie Glemser; that she procured and induced plaintiffs to bring this action, and that this action was brought by the plaintiffs by collusion with the said defendant Marie Glemser, for the purpose of defrauding this defendant, the Building Association of its mortgage upon the property described in the petition, and for no other purpose, and that this action is brought through the connivance and collusion of said Marie Glemser with said plaintiffs, and asks to be dismissed with its costs.

The defendant, the Gilt Edge Building & Savings Co., filed an amendment to their answer and say that said Marie Glemser, the defendant, as guardian of the estates of said Ella M. Glemser and Thekla Glemser, paid out for each of said parties and for the benefit of their respective estates more than the amount she received or was entitled to receive from the sheriff and from all other sources for them or each of them, for the benefit of their estates, and that, after crediting each of said minors and their respective estates with the amount distributed to her as guardian of said minors, and all further sums received by her for them and their estates, said minors are each of them indebted to her. It further alleges that it is entitled to be subrogated to the rights of said Marie Glemser as guardian of the estate of said Ella M. Glemser and Thekla Glemser against said plaintiffs and their respective estates.

For further defense the defendant alleges that it is the mortgagee for value in good faith as alleged in its original answer, and that if the sale of the premises alleged in the petition is invalid from

any cause, it is entitled to be subrogated to the rights of all parties paid from said sum of nine thousand dollars so loaned by it on the mortgage aforesaid.

The other defendants in this action being judgment lien holders, deny the material allegations of the petition, and each set up by way of answer and cross-petition their respective judgment liens.

This case therefore presents three questions: First, The question involving the validity of the original partition proceedings in case No. 98360, Hamilton county Common Pleas Court, in which the sale of this property was had and Mrs. Glemser obtained the title by purchase at sheriff's sale.

Second, That as guardian of the minors, Ella M. Glemser and Thekla Glemser, Marie Glemser being a trustee of their estates, had no right to purchase this property in her individual capacity, and that the sale to her therefore by the sheriff was void, and

Third, That not having actually paid to the sheriff of this county the full amount in cash of what would be the distributive shares belonging to each of the minors on distribution, the sheriff could not convey title to Marie Glemser, and the sale to her in this respect was void.

The evidence shows that partition proceedings were had in the Glemser estate in 1893, whereby, after various orders of the court, the property was duly apprais ed and ordered sold; that the plaintiff in the case was Charles E. Glemser, who was interested in said property to the extent of having an undivided one-third thereof: that Marie Glemser was entitled to dower in said premises, and that Ella M. Glemser and Thekla Glemser, the plaintiffs in this case, were each entitled to one undivided one-third; that such proceedings were had in partition that the sheriff offered said premises for sale, and that the same were purchased by said Marie Glemser; that after the confirmation of said sale the sheriff was ordered to transfer to said purchaser, Marie Glemser, said property upon her paying the purchase price therefor, the same having been changed from one-third in cash and balance in one and two years to all in cash; that the said Marie Glemser not having all the money in cash, applied to the Gilt Edge Building & Savings Company for a loan upon said premises, and secured from the Gilt Edge Building & Savings Co. sufficient money to meet all the liens including her dower interest and the amount coming to Chas. E. Glemser against said property, excepting the amounts due Ella M. Glemser and Thekla Glemser, which were payable to and due to her as their guardian; that the sheriff did not receive $16,520, the purchase price from the purchaser, but only received $1510.43, which covered the costs, taxes,

etc. against the property, the balance of the money being paid direct to Charles E. Glemser and the various lien holders, who, upon payment, duly signed for the amount so received by them upon the sheriff's books, and the shares or the amounts coming to Ella M. Glemser and Thekla Glemser, minors, were receipted for by Marie Glemser, their guardian.

An attack is made upon the partition proceeding for certain reasons, among which, it is claimed by the plaintiffs that the defense made by the guardian ad litem, in said cases was not sufficient, and that there were errors of the court in changing the terms of sale from one-third cash and balance due in one and two years, to all cash. But the court is satisfied upon an examination of this question, that is is not permissible for a party to raise, or attack collaterally in another proceeding, errors that may have occurred in a previous partition proceeding that could and should have been corrected, reviewed and remedied in that proceeding. Whatever mistakes or errors may have occurred in a partition proceeding, it is for the party aggrieved in that proceeding to prosecute his suit in error, and not wait and attack it collaterally in some other proceeding brought to set aside the original partition. Its judgment cannot be impeached collaterally for errors of law or irregularities in practice.

A sale in partition is a judicial sale; the purchaser is protected by the judgments of the court as fully as in any execution or judicial sale. If the court acted erroneously in deciding upon the sale, or committed any other error, this should have been corrected by appeal or by some other appropriate proceeding in the partition suit. Not being so corrected, the parties interested have acquiesced in, and ratified it; and they cannot employ it in any collateral manner to defeat the purchaser's title.

In addition to cases cited, see, Freeman on Co-tenancy and Partition, sec. 548. Foster v. Dugan, 8 Ohio 87; Miller v. Peters, 25 Ohio St., 276; Landon v. Payne, 41 Ohio St., 303.

It seems to the court that this proposition is too well settled to be further considered. Such errors or irregularities, therefore, as may have been committed in the original proceeding in this suit, it is now, in this case, too late for the court to entertain.

Second, it is also alleged by counsel for plaintiffs that the sale made in the partition case is void and no title passed, for the reason that Marie Glemser, guardian of said minors, purchased said property. That is, that Marie Glemser, being a trustee, would be deprived of purchasing or getting a good title at her own sale. Counsel, however, overlook the fact that this was not the sale of Marie Glemser, guardian, or as a trustee.

The partition suit was brought by Charles E. Glemser, who had an interest of one-third in the property. He was entitled to have the property partitioned. Suit was brought, and the sheriff was ordered to sell. The sheriff did sell. Marie Glemser had an interest in the property, that is, had a dower interest, and under the statute had a right, if she so-desired, to elect to take the property herself. She was not therefore conducting a sale of her own as trustee, but was attending a sale by another officer, that is, the sheriff. If she had the right under the statute to elect to take the property, she surely then would have the right to purchase, if she saw fit. The cases cited therefore by counsel for plaintiff are such as relate to trustees holding strictly in the capacity of trustees, who make the sale themselves, and as the law has wisely held, they shall not benefit by any sale of their own, they are prohibited from purchasing at such sales. But in this sale it was not a sale of Marie Glemser's, as guardian, but was a sale brought about on the petition of Charles E. Glemser, who was entitled to his third in the property, and was a sale made by the sheriff, in a proceeding in which the statute gave her a right, being one of the parties to the suit, and interested in the property, which is not denied, to elect to take the estate at its appraised value, if she saw fit. She was not here both seller and buyer. The sheriff was interposed by the court to make the sale.

See cases cited, and Twin Lick Oil Co. v. Marbury, 91 U. S. 587. English v. Moneypenny, 6 C. C. R. 554. Affirmed without report by supreme court, 37 W. L. B., 180. Application for rehearing denied by supreme court, 37 W. L. B., 280.

In Allen v. Gillette, 127 U. S., 589, the Supreme Court of the United States criticises the stringent rule laid down upon this subject in Perry on Trusts, and Hill on Trustees, and says that the language employed by them does not present a thorough and perfect generalization of the essential principles pervading the decisions upon this subject.

Therefore we think that this ground of complaint is not well taken, as it is not a purchase by a trustee of property at his own sale, as contemplated in the cases cited.

Third, it seems to the court that the real controversy in this case arises in the manner in which this sale of the property was conducted in the sheriff's office. It appears from the evidence that Marie Glemser had determined to purchase this property; that two-thirds of the appraised value was $16,520; that being the guardian of her two daughters, she conceived the plan of borrowing sufficient money from the defendant Building Association to cover her own

dower interest, which had been subjected to judgment liens, the amount due Charles E. Glemser, the plaintiff in the partition suit, the costs and delinquent taxes, and in fact all claims and liens against the property, excepting the shares due the plaintiffs in this action, or due her as guardian of said plaintiffs; that she made application to the Building Association, and upon an examination of the title by John Galvin, whom the court finds from the evidence, was the attorney for the Building Association, it decided to loan her the sum of nine thousand dollars; that these nine thousand dollars were placed in the hands of Maurice Galvin, who did not pay it to the sheriff, but repairing to the sheriff's office, after said property had been bid in by Mrs. Glemser, with Mrs. Glemser present, and also the attorneys for the various lien holders against the dower interest of Mrs. Glemser, he proceeded to pay to the sheriff the amount of the delinquent taxes, the costs of the suit, to the attorneys of the various lien holders, the amounts of their liens, and to the attorney of Charles E. Glemser, the amount due him under the decree. Upon the payment of such amounts from him, the attorneys for the various lienholders against the dower interest of Marie Glemser, the attorney for Charles E. Glemser, and Marie Glemser, guardian of Ella M. Glemser and Thekla M. Glemser, each receipted upon the books of the sheriff for the full amounts found due by the court, and ordered paid to them in the original partition suit.

In other words, it is claimed, that as no money was paid to the sheriff except costs and delinquent taxes, and the balance of the money, up to the extent of nine thousand dollars, was paid by Maurice Galvin to the various lien holders and to the attorney of Charles E. Glemser, and as nothing was actually paid by Mrs. Glemser to the sheriff for the shares of the two minor children, the statute was not complied with, and no title passed.

It is contended by the defendant, the Building Association, that while this statement is true, nevertheless it was not necessary for Mrs. Glemser to actually pay in cash to the sheriff all the amounts of the liens, including the shares of the two minor children, and then for all parties to receive back from the sheriff these amounts, whereas the same thing would be and could be accomplished by all parties and Mrs. Glemser, guardian, receipting upon the books of the sheriff for the sums so ordered paid to them, and in Mrs. Glemser's case, for the amounts due her as guardian, she being the guardian of both children.

This, therefore, is the technical fraud which it is claimed in the petition that Mrs. Glemser, as guardian of her two

daughters, perpetrated, together with the Building Association, whereby it is sought to set aside the sale of this property to her, and to give the plaintiffs in this case a vendors' lien prior to the mortgage of the Building Association.

It is also claimed in this respect that the Building Association had notice that Mrs. Glemser in purchasing this property was not paying anything to herself as guardian for the interest of these two minor children. This claim is based upon the fact of the report to the Building Association, and also upon the fact that the checks were handed to Maurice Galvin by the Building Association to pay off these prior incumbrances and liens, and the claim is also made that Maurice Galvin was the attorney for the Building Association and not John Galvin. In this regard, however, the court is satisfied from the evidence that there was but one attorney for the Gilt Edge Building & Saving Company, and that was John Galvin, who was under bond to the company, and who had been, according to the minutes of the company, the only elected attorney for that corporation. The evidence further discloses that Maurice Galvin in this transaction represented Mrs. Glemser, and not the Building Association, and that when these transactions took place at the sheriff's office, John Galvin, the attorney for the Building Association, was not present, but they were conducted by Maurice Galvin, representing Mrs. Glemser, the sheriff and the various attorneys for the different lienholders. Therefore, there is no evidence that the court could find or base a finding upon, that there was notice, either actual or constructive, to the Building Association, that Mrs. Glemser had not paid what the decree of court ordered should be paid for this property.

Counsel for plaintiffs also claim further, that even if there was no notice to the Building Association of this want of consideration paid to the sheriff, that nevertheless, under our statute, which says that the sheriff upon payment of the consideration money, shall execute and deliver a deed to the purchaser; that therefore Mrs. Glemser not having paid in cash as provided by the order of court to the sheriff, the amount of the purchase price, that therefore there was a fraud practiced upon her minor children for whom she was guardian, and that they would have their vendors' lien. In this regard, it seems to the court that the statute, while its language is such, and uses the word *payment*, nevertheless it is for the court to construe what is meant by the word payment, particularly in partition suits, where a party to the suit purchases the real estate. Mrs. Glemser was interested to the extent of her dower in the real estate sold. She was also interested as guardian for each of her own daughters, in the real estate sold. Having the right to purchase as the court has hereinbefore found at this sale, she concluded to do so, and paid all the money necessary for such purchase, except the amount which would come back to her as guardian of her two minor daughters. In other words, the question is raised, whether or not she had to absolutely and actually pay over the counter of the sheriff money, which after the sheriff would receive, he would immediately hand back to her. It seems to the court that in partition proceedings, where a party interested in that proceeding, either personally or as trustee becomes the purchaser and is bound to pay over money, which under distribution and order of court would be received immediately back by him as such trustee or in his individual capacity, that the law does not contemplate that he should actually pay over in cash the full amount, but if in the accounting, which in law is the same thing, he acknowledges to have received that money either in his personal capacity or as a trustee, then in that capacity a receipt so given, and which would be, as in this case conclusive against him, it is the same thing as though he had actually paid the money in cash.

In the case of Bloodgood's estate, in the 8th Penn. County Court Reports, 545, the court lays down the rule that where a party to a partition suit entitled to purchase that property does purchase it, he need only pay to the sheriff a sum sufficient to provide for the expenses of the sale, the compensation of the trustee and the payment of the liens which may appear of record against the co-tenants. In this case the court says: "It would seem reasonable, if these were provided for, that all the co-tenant should pay in cash would be his proportion of these costs and expenses, compensation, etc., and the amount of the liens appearing against him. The only person really affected by the non-payment of the actual cash bid are the officer making the sale, lien creditors and those who conducted the sale, such as the auctioneer for his commissions, advertising, etc., but these can be protected. * * * In his account to be filed he would therefore charge himself with the actual amount of cash received by him and with a note attached stating the amount of receipts held by him, so that in final distribution to the heirs these receipts would be computed and considered as so much cash paid to the respective heirs or co-tenants."

In other words, applying this case to the one at bar, the sheriff, being the officer making the sale would charge himself with the actual cash received by him, and the amount of the receipts held by him, which receipts he can compute

and consider as so much cash paid to the respective heirs or co-tenants.

The money due the guardian of Ella M. Glemser and Thekla Glemser is represented by the receipt of their guardian; and in the case at bar the court cannot see nor make any distinction between Mrs. Glemser personally and Mrs. Glemser, guardian, when it comes to the actual, absolute payment of money.

If such an accounting by the sheriff can be had, and he be relieved, then his account which annot be disputed would show that Mrs. Glemser personally paid to, and as guardian received from the sheriff the amounts found due and ordered paid to the plaintiffs in the original partition suit.

Under our statute, and as conforming to the order of sale and distribution, Mrs. Glemser being the purchaser of the property individually, and at the same time the guardian of her children, the sheriff would have the right to conduct the matter of distribution as he did, and if he, as sheriff, has this right, then the plaintiffs in this suit cannot complain that the guardian did not pay the actual amount of the purchase price to the sheriff, and did not receive back from him as guardian, the amounts due them, but they ought and should look to her for the payment to them of their respective shares.

There is nothing in this case to show but that the very day Mrs. Glemser was in the sheriff's office, she had in her possession the seven thousand dollars which would be due these two minor children. There is no evidence to satisfy the court of her insolvency then or now. There is nothing in this case to show but that Mrs. Glemser has already paid to this minor, who is now of age, Ella, and that she is ready also to account to Thekla when she becomes of age, for the amount of money received or paid on account of this purchase. There is no evidence in this case that the account of Marie Glemser as guardian, in the probate court has not been settled, and both of these plaintiffs been fully paid and satisfied; and coupled with the fact that this suit is brought by these two children, charging in their petition fraud, collusion and connivance on the part of their own mother, their guardian, with this Building Association, to defraud them of their rights in this property, together with the fact that Mrs. Glemser, the mother and the guardian of these two children, makes no defense in this action, but submits the case, so far as she is concerned, in default, and admits thereby the allegations of the petition, particularly in this case is the court led to sustain in every respect the sale made to her.

Healy & Brannan and Philip Hunter, for plaintiffs. Drausin Wulsin and John Galvin, for The Building Association.