## EVIDENCE OF TITLE IN ACTION FOR RECOVERY OF LAND.

[Circuit Court of Cuyahoga County.]

REBECCA HELLER v. DAVID R. HAWLEY.

Decided, December 22, 1905.

*Adverse Possession—Plaintiff Put to His Proof—Must Show the Better Title—Pleading—Evidence under Claim of Adverse Possession— Prima Facie Case made, How—Charge of Court—As to Use of Words "Undisputed Title" and "Clear" Proof.*

1. In an action for recovery of possession of land from a defendant claiming title by adverse possession, it is error to admit evidence which forces on him a claim of title coming from the common source of title.

2. The requisites of adverse possession are that it be "actual, open, continuous, hostile and exclusive" for a period of twenty-one years, and a charge of court is erroneous which includes among these requisites the word "undisputed."

3. It is sufficient in such a case that the defendant prove by a preponderance of the evidence that his building, which stands in part on his own land and in part on the disputed strip, covers exactly the same and no more ground than it has covered for twenty-one years; and he should not be required by the charge of the court to establish this fact by "clear" proof.

4. It is error to refuse to charge in such a case that, "If the plaintiff has not derived his chain of title to the land in dispute by a chain of conveyances from the government, or from a grantor proved to have been in possession of the land in dispute when he executed the conveyance therefor, your verdict should be for the defendant."

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

Suit was brought in the court of common pleas by Hawley to recover possession from Heller of certain real estate in the possession of Heller. The petition was in the usual form of a petition in ejectment, setting up that Hawley was the owner, and that Heller was in possession and unlawfully kept him out of such possession.

Heller answered, setting up three defenses:

First. She denied the ownership and right of Hawley. She admitted that she was in possession and averred that she was the owner of the premises in fee simple.

Second. She averred that under a claim of title and by virtue of a warranty deed, she had been in open, notorious, continuous, adverse and undisputed possession of the premises for many years, and that L. E. Holden, from whom she purchased, and who delivered the possession to her, had been in like manner since January 4, 1872, a period of about thirty years before the bringing of the action in open, notorious, continuous, adverse and undisputed possession of the same premises, and that the persons from whom he derived title had been in like possession · for many years, and denied the right of the plaintiff to maintain any action for the possession of the premises for the reason that she and those under whom she claimed her title had been in such adverse possession for at least thirty-five years.

Third. She repeats her averments of adverse · possession, says that for over thirty-five years she and her predecessors in title, by virtue of deeds duly acknowledged and recorded, have *claimed* the premises and have erected lasting and valuable improvements thereon, with the knowledge of and without interference by the plaintiff or his predecessors in title.

To this the plaintiff replied, denying that defendant was owner in fee simple, and all allegations of the answer which deny the absolute ownership in the plaintiff, and deny the adverse title and possession in the defendant and her predecessors.

With the pleadings in this situation the case went to trial to the court and jury, resulting in a verdict and judgment for Hawley. By proper proceedings in error the case is here for review.

A bill of exceptions is filed here containing all the proceedings on the trial, including the evidence, and the charge of the court to the jury.

It will be seen that the plaintiff was put to the proof of his title, as he must recover, if at all, upon the strength of his title and not upon the weakness of the title of her who was in possession.

To prove his title the plaintiff introduced records of deeds, showing that at one time one D. W. Babcock had a deed of certain real estate, including the lands here in dispute and other lands which the plaintiff now owns immediately adjoining the same on the east, and also lands immediately to the west of the disputed land, which last named land is now owned by Heller, the land in dispute being a strip five feet in width fronting on Harrison street, now in the city of Cleveland, and extending back seventy-two and one-half feet from said street, so that Hawley is the undisputed owner of the land bounding on the east and Heller is the undisputed owner of the land bounding on the west of the disputed land. Hawley thus having shown such deed in Babcock, showed by proper record that Babcock conveyed by warranty deed a tract including the disputed tract and the lands on the east thereof in 1864, and that through various mesne conveyances the record title which Babcock had is now in Hawley. The plaintiff then offered in evidence record of deeds, beginning with a deed from Babcock in 1866, and showing by this and by mesne conveyances that the record title which L. E. Holden, from whom Heller says in her answer she received her deed and who put her into possession, did not include the land in dispute, but only the land immediately on the west of it, and then the deed from Holden to Heller, executed less than twenty-one years before Hawley brought suit to recover possession, the deed from Holden including the disputed tract. All of this evidence tending to trace the title of Heller back to Babcock was objected to by Heller, but was admitted over such objection. Proper exception was taken by Heller, and it is now urged by plaintiff in error that there was error in the introduction of such evidence.

The defendant in error insists that it was properly admitted, and that by it he was relieved in making proof of his own title from tracing the title back of Babcock. It is not contended by counsel for Hawley but that he must, to make his case, trace title under which he claims back to the government or to one in possession from whom he or one of his predecessors obtained title, or to one under whom both parties claim title. This rule is well

stated in *Middleton* v. *Westerney,* 7 C. C., 394, the second clause of the syllabus of which reads:

"Where the title of the plaintiff is denied by the answer of the defendant, and possession of the land claimed is, by force of the statute, thereby admitted by the defendant, to entitle the plaintiff to recover he must show a better title to the land in controversy than that of the defendant. A *prima facie* case is made by his showing a conveyance to him or one of his grantors in his chain of title, by one *then* in the possession and occupancy of the land in question. If this is not done, he must run his title by deed or other necessary proof, to some one shown or admitted to be the common source of title to him and the defendant, and in default of there being such common source of title, back to the government. And on his failure to offer evidence tending to do either, it is not error in the trial court to withdraw the evidence from the jury and render a judgment for the defendant."

See, also, the opinion of Judge Ranney in *Blake* v. *Davis,* 20 Ohio, 239, in which this language is used, speaking of the plaintiff in an ejectment case:

"Neither he nor those under whom he claims ever having had possession of this land, it was incumbent upon him to show a connected paper title from the government to sustain the action of ejectment."

That it is sufficient in Ohio that the plaintiff in ejectment show a better title than the defendant from one vendor under whom both claim, is well settled. In *Hart's Heirs* v. *Johnson,* 6 Ohio, 87, it is said:

"Where both parties' claim to title is based on a common origin, neither can go behind the person from whom they hold or show that his claim is not good."

In Newell on Ejectment, at page 585, note 4, it is said:

"Where both parties claim title from the same grantor it is sufficient to establish a *prima facie* case to prove derivation of title from the common grantor without proving his title."

In *Doe* v. *Lessee of Foster,* 8 Ohio, 87. it is said:

"Where the source of title is common to both parties in ejectment, neither is at liberty to contest it."

If, then, in this case, both parties were claiming title through or under Babcock, the plaintiff was relieved from the necessity of going back of Babcock.

The claim of Hawley is that by her answer Heller set up title under deed from Holden, and that therefore she must defend on Holden's title. It is true she pleads a deed from Holden and that she took possession under him, and that the possession of him under whom Holden claimed, and the possession of Holden and her own possession constitute a continuous adverse possession against the plaintiff for more than thirty-five years, but she nowhere asserts that either Holden or any predecessor of his had a good title, but only that they *claimed* title. All title passed out of Babcock to the lands now owned by either the plaintiff or defendant more than thirty-five years ago. Heller does not in her answer assert a good title in any one but herself, and she says that this title is founded on adverse possession.

The evidence under discussion sought to force upon her a claim of title coming originally from Babcock. The evidence properly admissible under these pleadings is exactly what it would have been if Heller had simply denied the plaintiff's title. See *Kyser* v. *Cannon*, 29 O. S., 359; *Rhodes* v. *Gunn*, 35 O. S., 387. From what has been said, it follows that there was error in the admission of the records showing title by mesne conveyances from Babcock to Heller.

Complaint is made of the charge of the court in the use of the following language:

"By the claim of adverse possession the defendant and her predecessors must have been in open, notorious, continuous, adverse and undisputed possession of the land for twenty-one years in order that she may have the right thereto."

We hold that the word "undisputed" should not have been used. The fact that the plaintiff or any other owner "disputed" the defendant's right to occupy would not of itself interfere with the running of the statute of limitations. The requisites of adverse possession are that it be, as stated by Judge Follett, in the opinion in *Dietrick* v. *Noel*, 42 O. S., 21, that it be "actual, open, continuous, hostile and exclusive."

See, also, *McAllister* v. *Hartzell*, 60 O. S., 69, and Vol. I, Cyclopedia of Law & Procedure, page 981, where it is said that the possession must be "actual, visible, exclusive, hostile and continued during the term necessary to create a bar under a statute of limitations."

The court further charged:

"The burden is upon her to prove the facts necessary to sustain such plea"—of adverse possession—"and to be available must be clearly proved by the greater weight of the evidence and not left to mere conjecture."

Again, the court, after saying what constituted adverse possession, says, "if the defendant has clearly proven this by the greater weight of the evidence, then your finding should be in her favor."

We think the word "clearly," as used in these two paragraphs, was calculated to mislead the jury as to the amount of evidence required of the defendant.

There was no question, under the evidence, that the defendant occupied, possessed and claimed to own a building, a part of which was upon land which she unquestionably owned and which extended over, upon and covered the disputed tract; that the possession as it now is of the defendant is such that if this building stands now where it has stood for more than twenty-one years, covering just the same land and no more than it has covered during all that period, then the defense of adverse possession is sustained, and, so far as the length of time that the building has occupied its present position, it was sufficient that the defendant establish it by preponderance of the evidence. We are not prepared to say that the court so far erred in the use of the word "clearly" as would justify a reversal on that account, though the charge would have been better without it.

It follows from what has been said relative to the admission of evidence, that there was error in the charge of the court, that if plaintiff and defendant held from a common source of title, "then the defendant would be estopped from denying title thus derived from a common source," because, with the evidence excluded which we hold should have been excluded, there was no evidence to which this part of the charge could apply.

It follows, too, that the court should have charged in substance as he was asked to do by the defendant in her third request, that "If the plaintiff has not derived his chain of title to the land in dispute by a chain of conveyances from the government, or from a grantor proved to have been in possession of the land in dispute when he executed the conveyance therefor, your verdict should be for the defendant."

We find no errors in the record justifying a reversal of the judgment, except such as are pointed out in this opinion, and for the errors so pointed out and for no other, the judgment is reversed and the case remanded to the court of common pleas.

*Arnold Green,* for plaintiff in error.

*Solders & Solders,* for defendant in error.