[Cite as *Marquette Orri Holdings, L.L.C. v. Ascent Resources-Utica, L.L.C.*, 2022-Ohio-3786.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

MARQUETTE ORRI HOLDINGS, LLC ET AL.,

Plaintiffs-Appellants,

v.

ASCENT RESOURCES-UTICA, LLC ET AL.,

Defendants-Appellees.

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0035**

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CV 0103

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, 309 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellants and

*Atty. Kevin Colosimo*, *Atty. Christopher Rogers*, *Atty. Daniel P. Craig,* Frost, Brown, Todd, LLC, Union Trust Building, 501 Grant Street, Suite 800, Pittsburgh, Pennsylvania 15219 and *Atty. Matthew C. Blickensderfer,* Frost, Brown, Todd, LLC, 3300 Great

American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202 and *Atty. Justin H. Werner,* Reed Smith, LLP, Reed Smith Center, 225 Fifth Avenue, Pittsburgh, Pennsylvania 15222 and *Atty. J. Kevin West* and *Atty. John C. Ferrell,* Steptoe & Johnson, PLLC, Huntington Center, 41 South High Street, Suite 2200, Columbus, Ohio 43215, for Defendants-Appellees.

Dated:
October 19, 2022

**Donofrio, P. J.**

{¶1}    Plaintiffs-Appellants, Marquette ORRI Holdings, LLC (Marquette ORRI), and Utica ORRI Holdings, LLC (Utica ORRI), appeal from a Belmont County Common Pleas Court judgment granting summary judgment in favor of Defendants-Appellees, Ascent Resources-Utica, LLC (Ascent Resources), XTO Energy, Inc. (XTO), and EQT Production Company (EQT), and denying appellants' motion for partial summary judgment on appellants' claims for breach of contract, unjust enrichment, declaratory judgment, request for accounting, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. All claims are related to overriding royalty interests on a series of oil and gas leases in Belmont and Jefferson Counties.

{¶2}    In 2010, Marquette Exploration, LLC (Marquette Exploration), acquired numerous oil and gas leases in Belmont and Jefferson Counties (Marquette Leases). Marquette Exploration later formed Appellant Marquette ORRI. On June 15, 2010, January 21, 2011, and June 27, 2011, Marquette Exploration filed Assignments of Overriding Royalty Interest with the Belmont County Recorder's Office that conveyed "overriding royalty interests" in its oil and gas leases to Marquette ORRI. An "overriding royalty interest" is a royalty interest in a lease separate from the mineral owner's royalty interest in which the overriding royalty interest holder has a right to receive revenue from the production of oil or gas from a lease but retains no ownership in the mineral estate. The amount of the overriding royalty interests was determined as to each lease using a formula set out in the assignments.

{¶3}    The assignments contained an "extension and renewal clause" stating:

The overriding royalty interest hereby assigned in a Lease shall be applicable and attach to all extensions, modifications, ratifications,

amendments, renewals, top leases and/or new leases of such lease covering all or any portion of the lands and interests which are included in such lease as of the Effective Date, taken, contracted for or acquired by Assignor or an Affiliate of Assignor while such lease is in effect or within a period of two (2) years after the expiration or termination of such lease. In this regard, Assignor or an Affiliate of Assignor agree to execute any additional instruments to be filed of record to evidence Assignee's overriding royalty interest conveyed hereby in the original leases or any applicable extensions, modifications, ratifications, amendments, renewals, top leases and new leases.

**{¶4}** Moreover, the assignments sought to bind future assignees of the leases to the overriding royalty interest obligations by including the following clause:

The terms and conditions of this Assignment shall constitute covenants running with the lands and shall be binding upon and inure to the benefit of the parties hereto and their heirs, devisees, representatives, successors and assigns including their Affiliates or subsidiaries, and all references herein to Assignor and Assignee shall be deemed to include their respective heirs, devisees, representatives, successors and assigns and their Affiliates or subsidiaries, whether or not so expressed.

**{¶5}** In September 2011, Marquette Exploration merged into Hess Corporation. On October 17, 2011, Marquette ORRI filed a Partial Re-Conveyance of Overriding Royalty Interest and Amendment of Assignments of Overriding Royalty Interests with the recorder's office. This document (1) reduced the amount of the overriding royalty interest from the difference between 20% and the existing burden to the difference between 16% and the existing burden and (2) reduced the two-year extension and renewal period to one year stating "the overriding royalty interest with respect to a Lease * * * while such Lease is in effect or within a period of one (1) year after the expiration of termination of such Lease."

Case No. 21 BE 0035

{¶6} In 2013 and 2014, Hess assigned a portion of the overriding royalty interests to Appellant Utica ORRI. The Marquette Leases were subsequently assigned to Appellee Ascent Resources. Later, Appellee EQT acquired one of the leases and Appellee XTO acquired another of the leases.

{¶7} The parties stipulated that the Marquette Leases terminated when their primary terms expired. After the expiration of the Marquette Leases, but within one year thereof, appellees entered into new leases with the landowners.

{¶8} Appellees subsequently drilled wells and produced oil and gas from these properties. They have not paid appellants on the overriding royalty interests as they believe the overriding royalty interests expired when the Marquette Leases expired.

{¶9} On March 27, 2020, appellants filed a complaint against appellees asserting claims for breach of contract, unjust enrichment, declaratory judgment, a request for accounting, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

{¶10} Appellees filed motions to dismiss arguing that the "extension and renewal clauses" were not enforceable and that the overriding royalty interests expired with the underlying leases. The trial court denied these motions.

{¶11} Next, appellants filed a motion for partial summary judgment on April 29, 2021. They sought summary judgment on their claims for breach of contract, declaratory judgment, and on accounting. In response, appellees filed an opposition to the motion for partial summary judgment and a cross-motion for summary judgment on all claims.

{¶12} The trial court held a hearing on the competing motions. The court found that no genuine issue of material fact existed and appellees were entitled to summary judgment on all claims. It therefore overruled appellants' motion for partial summary judgment and granted appellees' motion for summary judgment. The court found the overriding royalty interests could not be extended or renewed once the lease expired. It stated that once the lease expired, the associated overriding royalty interest also expired. The court determined that an entirely new lease would need to be granted by the lessor. Additionally, it stated that the Marquette Leases provided appellants no right or interest beyond the primary term.

{¶13}  Appellants filed a timely notice of appeal on September 7, 2021.  They now raise a single assignment.  Appellants' sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BY DENYING THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

{¶14}  Appellants contend that extension and renewal clauses are enforceable. They state such clauses exist to eliminate the situation of a "washout," where the lessee will let the lease lapse and then re-sign a new lease with the mineral owner causing the lease to continue without the overriding royalty interest.  An extension and renewal clause, appellants state, provides that the overriding royalty interest will be a part of all future renewals or extensions of the lease.

{¶15}  Appellants assert the trial court ignored the explicit language of the extension and renewal clause in this case, which states that it applies for one year after the expiration or termination of the lease.  They contend the extension and renewal clause only comes into play once the lease has expired.  Thus, to hold that such a clause expires with the lease, is to hold that extension and renewal clauses are worthless.

{¶16}  In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review.  *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998).  Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.  *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).  A "material fact" depends on the substantive law of the claim being litigated.  *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶17}  In Ohio, a royalty interest is personal property, and is not realty.  *Pure Oil Co. v. Kindall*, 116 Ohio St. 188, 201, 156 N.E. 119 (1927); *Pollock v. Mooney*, 7th Dist.

Monroe No. 13 MO 9, 2014-Ohio-4435, ¶ 15. "An 'overriding royalty' is a fractional interest in the gross production of oil and gas under a lease in addition to usual royalties paid to the lessor, free of any expense for exploration, drilling, development, operating, marketing and other costs incident to the production and sale of oil and gas produced from the lease." *GM Gas Expl., Inc. v. McClain*, 4th Dist. Athens No. 1438, 1991 WL 163644, *8 (Aug. 30, 1991).

{¶18} The facts in this case are undisputed.

{¶19} Marquette Exploration assigned overriding royalty interests in the Marquette Leases to Appellant Marquette ORRI. Marquette ORRI assigned a portion of these overriding royalty interests to Appellant Utica ORRI. All of the assignments contained an extension and renewal clause providing that the overriding royalty interest assigned in the Lease was to be "applicable and attach to all extensions, modifications, ratifications, amendments, renewals, top leases and/or new leases of such lease covering all or any portion of the lands and interests which are included in such lease as of the Effective Date, taken, contracted for or acquired by Assignor or an Affiliate of Assignor while such lease is in effect or within a period of one (1) year after the expiration or termination of such lease." The assignments also contained language that the terms of assignment constitute covenants running with the land and are binding on future assignees.

{¶20} Appellees were not parties to the Marquette Leases or to the assignments of the overriding royalty interests.

{¶21} Marquette Exploration merged into Hess Corporation. Hess then sold the Marquette Leases to Appellee Ascent. Appellee EQT later acquired one of the leases and Appellee XTO acquired another of the leases. The Marquette Leases subsequently expired. After the expiration of the Marquette Leases, but within one year thereafter, appellees entered into new leases with the landowners.

{¶22} The question here is whether appellees are bound by the terms of the expired Marquette Leases, specifically the extension and renewal clause, to which they were not parties.

{¶23} Because there is no law on this subject in Ohio, appellants rely on cases from other states.

**{¶24}**    In *Reynolds-Rexwinkle Oil, Inc. v. Petex, Inc.*, 268 Kan. 840, 1 P.3d 909, 911 (2000), the Kansas Supreme Court held that under the facts of that case, when the owner of the operating interest in an oil and gas lease acquired the interest by an assignment reserving an overriding royalty interest which was stated to apply to extensions or renewals of the lease, and the owner of the operating interest subsequently obtained a substantially identical oil and gas lease from the same lessors *during the time the original lease burdened by the overriding royalty interest was still in full force and effect*, the overriding royalty interest attached to and burdened the lessee/operating interest owner's interest in the later oil and gas lease.  Thus, the Kansas Court did not examine what would happen if, like in this case, the new lease was entered into after the original lease expired.

**{¶25}**    And in *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 319 (5th Cir.1991), the Fifth Circuit determined that Gulf could not be required to honor the plaintiffs' claimed overriding royalty interest because Gulf was not a party to the assignment creating the interest, even though it contained an extension and renewal clause.  The court pointed out that the agreements did not contemplate extending the renewal and extension clause to the assignees of the lease such as Gulf.  *Id.*  The court determined:  "When the lease expired at the end of the primary term, the overriding royalty interests of Moyers and Jenkins evidenced by the Royalty Assignments also expired. We will not bind Gulf with obligations and duties that it did not agree to accept."  *Id.*  Thus, the Fifth Circuit held that an extension and renewal clause may not operate past the expiration of the lease.

**{¶26}**    The court's role in reviewing a contract is to determine the parties' intent and give effect to it.  *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St. 3d 270, 273, 714 N.E.2d 898 (1999).  "A contract that is, by its terms, clear and unambiguous requires no interpretation or construction and will be given the effect called for by the plain language of the contract."  *Cadle v. D'Amico*, 7th Dist. Mahoning No. 15-MA-0136, 2016-Ohio-4747, ¶ 22, citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989).

**{¶27}**    In this case, the extension and renewal clause states it is binding upon "the parties hereto and their heirs, devisees, representatives, successors and assigns[.]"

And the terms of the extension and renewal clause state that the overriding royalty interest assigned in a lease shall apply to "new leases of such lease covering all or any portion of the lands and interests which are included in such lease as of the Effective Date * * * while such lease is in effect or within a period of one (1) year after the expiration or termination of such lease." The contractual language states that it applies for one year after the expiration of the lease.

{¶28} The problem that appellants cannot overcome, however, is that appellees were not parties to leases that contained the above clauses. In this case, there was no privity of contract. This court has explained privity:

> The concept of "privity of contract" has long been a part of Ohio's jurisprudence. See *Hart's Lessee v. Johnson* (1833), 6 Ohio 87. Essentially, privity of contract is the connection or relationship between two contracting parties which allows them to sue each other but prevents third parties from suing on the contract. *Lippy v. Soc. Natl. Bank* (1995), 100 Ohio App.3d 37, 48, 651 N.E.2d 1364; Black's Law Dictionary (7th Ed.1999), 1217. Without a contractual connection or relationship between the parties, there is no privity of contract. *Id.*

*Wolf v. Southwestern Place Condominium Ass'n*, 7th Dist. Mahoning No. 01 CA 93, 2002-Ohio-5195, ¶ 22. A contract is binding only upon the parties to the contract and those in privity with them and an action for breach of contract can only be maintained by the parties to the contract or those deriving rights from the contracting parties. *McCullion v. Ohio Valley Mall Co.*, 7th Dist. Mahoning No. 97 C.A. 175, 2000 WL 179368 (Feb. 10, 2000), citing Am. *Rock Mechanics, Inc. v. Thermex Energy Corp.*, 80 Ohio App.3d 53, 58, 608 N.E.2d 830 (8th Dist.1992).

{¶29} Here appellees were not parties to the original leases or the overriding royalty interest assignments. And appellees never assumed these obligations. Moreover, in this case, the overriding royalty interests could not be extended or renewed once the leases expired. After the leases expired, the associated overriding royalty interest also expired. Thus, the extension and renewal clauses were not binding on appellees, as they were not parties to the leases and there was no privity of contract.

**{¶30}** Because the extension and renewal clauses were not binding on appellees, the trial court properly entered summary judgment in appellees' favor.

**{¶31}** Accordingly, appellants' sole assignment of error is without merit and is overruled.

**{¶32}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.

[Cite as *Marquette Orri Holdings, L.L.C. v. Ascent Resources-Utica, L.L.C.*, 2022-Ohio-3786.]

———————————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**