LAWYERS COOPERATIVE PUBLISHING COMPANY,
APPELLANT *v.* MUETHING, APPELLEE.

[Cite as *Lawyers Cooperative Publishing Co.
v. Muething* (1992), 65 Ohio St.3d 273.]

(No. 91–2273—Submitted October 14, 1992—Decided December 11, 1992.)

274

*Santen & Hughes, John D. Holschuh, Jr.* and *Edward E. Santen,* for appellant.

*Zimmer, Kapor & Simon Co., L.P.A., Barry H. Zimmer* and *Steven E. Simon,* for appellee.

---

ALICE ROBIE RESNICK, J. Due to the nature of the arguments presented, LCP's second proposition of law will be discussed first. LCP's argument is, in essence, that Muething's claims do not sound in tort and should be treated as warranty claims that accrued on delivery of the books and are governed by the four-year statute of limitations set forth in the Ohio Uniform Commercial Code, R.C. 1302.98 (UCC 2–725). Muething urges this court to refuse to consider LCP's contention that *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 537 N.E.2d 624, stands for the proposition that commercial parties in contractual privity are governed solely by the provisions of the Uniform Commercial Code for claims arising from the sale of defective goods, since it is being raised for the first time on appeal.

As we have repeatedly stated:

"This court will not ordinarily consider a claim of error which a defendant has failed to raise before the appellate court and which was not considered by that court." *State v. Cornely* (1978), 56 Ohio St.2d 1, 4, 10 O.O.3d 1, 2, 381 N.E.2d 186, 189.

In *Cornely* the issue raised for the first time was the trial court's alleged error in allowing the prosecution to cure omissions and errors by holding a second suppression hearing. We find this fact pattern to be quite different from the instant case.

We acknowledge that on appeal LCP has raised for the first time the argument of the applicability of R.C. 1302.98 to Muething's first and second counterclaims; however, we find that the issue raised by this argument is the affirmative defense of statute of limitations. This issue was clearly raised in the trial court and the court of appeals. The fact that this specific argument in support of a party's position was not set forth in the courts below should not prevent that party from obtaining a decision on a particular issue.

In a case remarkably similar to the one before us, the Sixth Circuit Court of Appeals found that it had the power to consider all of the available statutes and choose the one which best applied:

"[Defendant] contends that since the question of applicability of the four-year statute was not raised in the District Court, it is not properly before us. We disagree. No new issue has been raised. The only issue before the District Court was whether plaintiff's action was barred by a state statute of limitations. The Court was required to determine which statute was applicable. Having made that determination and dismissed the complaint, its judg-

ment is subject to appellate review, and we have the right to consider all of the statutes and to apply the one which in our judgment is required under Ohio law. We may take judicial notice of the state statutes * * *." *Val Decker Packing Co. v. Corn Products Sales Co.* (C.A.6, 1969), 411 F.2d 850, 851–852, 50 O.O.2d 129, 130–131.

In view of the fact that the statute of limitations *issue* was raised below, we will consider all aspects of that argument, including that raised by LCP in regard to the applicability of R.C. 1302.98.

Muething's first and second counterclaims set forth causes of action based on negligence. In his first claim, Muething alleged that LCP failed to exercise reasonable care and was negligent in the publication, writing, and editing of Ohio Forms and failed to disclose that use of the promissory notes might violate Ohio securities laws. The second cause of action mirrors the first in that Muething claimed that LCP's composition, editing, and publication of Ohio Forms were defective because LCP failed to disclose that securities laws violations might occur with use of the notes. It is evident from the face of the counterclaim that the causes of action do not look to the Uniform Commercial Code but instead apply negligence standards to the facts alleged.

The rule regarding application of the Uniform Commercial Code to product-liability claims was announced by this court in *Chemtrol:*

"A commercial buyer seeking recovery from the seller for economic losses resulting from damage to the defective product itself *may* maintain a contract action for breach of warranty under the Uniform Commercial Code; however, in the *absence* of injury to persons or damage to other property, the commercial buyer may not recover for economic losses premised on tort theories of strict liability or negligence." (Emphasis added.) *Chemtrol, supra,* 42 Ohio St.3d 40, 537 N.E.2d 624, paragraph two of the syllabus.

We hold that for the reasons set forth below, LCP's attempt to pigeonhole Muething's first and second counterclaims into the Uniform Commercial Code falls short of the guidelines announced in *Chemtrol.*

In *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St.2d 227, 229–230, 35 O.O.2d 404, 405–406, 218 N.E.2d 185, 188, this court held that in a products liability case,

"there are three possible causes of action which the plaintiff may pursue:

"(1) An action in tort which is grounded upon negligence. * * *

"(2) A cause of action which is based upon contract. * * *

"(3) An action in tort which is based upon the breach of a duty assumed by the manufacturer-seller of a product. [Implied warranty in tort.] * * * "

Despite the existence of these three causes of action, it is clear that not all three are available to each plaintiff. *Chemtrol, supra,* 42 Ohio St.3d at 49, 537 N.E.2d at 633–634, fn. 6. For example, absent a contractual relationship between the plaintiff and defendant, an action based upon contract for breach of warranty does not exist. *Lonzrick, supra,* 6 Ohio St.2d at 230, 35 O.O.2d at 406, 218 N.E.2d at 188. See, also, *United States Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380, paragraph one of the syllabus (*"Fidelity"*). In the case before us, privity exists between Muething and LCP. Accordingly, Muething had the *option* of filing a contract claim under Ohio's Uniform Commercial Code provisions; nevertheless, he chose to frame his complaint as a negligence cause of action.

*Chemtrol* is also inapposite in that Muething was seeking far more than economic damages. It is well established that "a defective product can cause three types of injury: personal injury, property damage, and economic loss." *Chemtrol,* 42 Ohio St.3d at 43, 537 N.E.2d at 629. Economic loss can be either direct or indirect. Direct economic loss includes the loss attributable to the decreased value of the product itself. " '[I]ndirect' economic loss includes the consequential losses sustained by the purchaser of the defective product, which may include the value of production time lost and the resulting lost profits." *Id.* at 44, 537 N.E.2d at 629.

Muething does not seek recovery simply for economic losses. As explained below, his allegations of humiliation and loss of reputation are allegations of personal injury, and his allegation of damage to his law practice is an allegation of property damage. Therefore, *Chemtrol,* which precludes recovery of economic losses on tort theories, does not preclude recovery on Muething's first and second causes of action. While Muething had the option of bringing an action under the Uniform Commercial Code for economic loss, he also had the opportunity to maintain a negligence cause of action. Accordingly, we disagree with LCP's contention that Muething's first and second counterclaims must be treated as warranty claims subject to the statute of limitations set forth in the Uniform Commercial Code.

In its first proposition of law, LCP urges us to find that Muething's tort claims are subject to R.C. 2305.10, a two-year statute of limitations, rather than R.C. 2305.09, the four-year limit used by the court of appeals. In determining which statute of limitations should be applied to a particular cause of action, this court has held that " * * * courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative

factors[;] the form is immaterial." *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 249, 465 N.E.2d 1298, 1302.

As previously stated, counts one and two of Muething's counterclaim are *tort* claims based upon negligence principles, alleging that a product purchased and used by the plaintiff was defective. In determining whether to apply R.C. 2305.10 or 2305.09(D) to this cause of action, we look first to the language of the statutes at issue. R.C. 2305.10 provides, in relevant part, that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause of action thereof arose." R.C. 2305.09 states:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

For purposes of our discussion, it must be ascertained whether the injuries alleged by Muething are enumerated in R.C. 2305.10. In other words, has Muething alleged that LCP's negligence caused him to suffer bodily injury or an injury to his personal property?

In his counterclaim, Muething asserted that use of the defective product caused him to sustain various injuries for which he should be compensated by LCP. The counterclaim asserted that as a result of LCP's negligence and its defective product, Muething sustained public and professional embarrassment and humiliation, loss of professional reputation and prestige, emotional pain, suffering, and distress, and experienced a decrease in the value of his law practice. He alleged that all of these damages arose on or after the date on which he was informed that the notes he had drafted for his client violated Ohio's securities laws.

Unlike courts of other states that have enacted statutes of limitations that are particularized to different types of tort-based product-liability claims,[1] Ohio courts have been repeatedly called upon to analyze the nature of the action and of the injuries claimed in order to determine which statute of limitations should be applied. As previously set forth in *Lonzrick*, in a product-liability case in Ohio a plaintiff can maintain three different causes of

---

1. See, *e.g.*, Ala.Code 6-5-502.

action: (1) in tort predicated upon negligence, (2) in contract where there is privity between plaintiff and defendant, and (3) in tort based upon the duty assumed by a manufacturer-seller of a product, *i.e.*, for breach of an implied warranty. This court held that an action based on breach of an implied warranty without privity of contract is subject to R.C. 2305.10, the two-year statute of limitations. *Fidelity, supra,* 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380. Following the *Fidelity* holding, the Summit County Court of Appeals held:

"In order to apply the four year statute of limitations contained in R.C. 1302.98 to an action seeking recovery on an implied warranty theory, the plaintiff must be able to show privity of contract. The failure to make such a showing makes the action one sounding in tort, which is governed by the two year statute of limitations." *Lee v. Wright Tool & Forge Co.* (1975), 48 Ohio App.2d 148, 2 O.O.3d 115, 356 N.E.2d 303, paragraph three of the syllabus.

In *Taylor v. Multi–Flo, Inc.* (1980), 69 Ohio App.2d 19, 23 O.O.3d 20, 429 N.E.2d 1086, the Hamilton County Court of Appeals was asked to determine if R.C. 2305.10 applied to an implied warranty case involving injury to property. The court remanded the case for a determination of whether the damaged sewage treatment system was personal property or a fixture. If the system was found to be a fixture, "then the [trial] court would be governed by either the statute of limitations to be applied to a products liability action for injury to real property, *i.e.*, R.C. 2305.09(D), which prescribes a four-year period, or R.C. 2305.14, which prescribes a ten-year period." (Footnotes omitted.) *Id.* at 22–23, 23 O.O.3d at 22–23, 429 N.E.2d at 1089. The method of analysis used by the *Taylor* court is helpful in that the court looked at the nature of the property injured by the defendant's defective product.

Following the "nature of the property" analysis, we find that an accurate characterization of Muething's interest in his law practice is that of personal property. We believe that such an interest is almost indistinguishable from a partner's interest in a partnership. This type of interest is statutorily defined by R.C. 1775.25 as personal property. Other comparable interests that have been defined as personal property are shares of stock in a corporation, R.C. 1701.24(A), and limited or general partnership interests in a limited partnership, R.C. 1782.39. Based on the foregoing analysis, we hold that Muething's claim of a loss in value of his interest in his law practice is essentially a claim of injury to personal property and is, therefore, subject to the two-year statute of limitations in R.C. 2305.10.

We now focus our attention on the nature of Muething's remaining injuries. Muething claims that he sustained public and professional embarrassment and humiliation, that his professional reputation declined, and that he suffered

emotional pain and distress. There is no doubt that these are personal injuries. The question presented in this appeal is whether the enumerated complaints are within the ambit of R.C. 2305.10.

It is important to note that Muething has not claimed an intentional infliction of emotional distress. In *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, this court held that such claims are governed by R.C. 2305.09(D). As previously stated, Muething's counterclaim sounds in negligence and he has alleged that as a result of the negligence and defective product, he suffered injuries including emotional distress, pain and suffering.

Ohio courts have limited recovery for claims alleging negligent infliction of emotional distress to situations such as where the plaintiff was a bystander to an accident or was in fear of physical consequences to his own person. *High v. Howard* (1992), 64 Ohio St.3d 82, 85, 592 N.E.2d 818, 820–821. In order to recover on a claim that LCP's negligence caused him to suffer emotional distress, it would have been necessary for Muething to claim that he had been put in fear of physical consequences, *i.e.*, bodily injury, to his person or that he had observed someone else suffer an injury.

Muething asserts that his claims of embarrassment, humiliation and loss of reputation are analogous to a claim for loss of consortium, which is covered by the four-year provision of R.C. 2305.09(D). *Amer v. Akron City Hosp.* (1976), 47 Ohio St.2d 85, 1 O.O.3d 51, 351 N.E.2d 479; *Holzwart v. Wehman* (1982), 1 Ohio St.3d 26, 1 OBR 63, 437 N.E.2d 589. We do not agree. A claim for loss of consortium is a derivative claim. The reasoning set forth by this court in *Amer* leads us to conclude that four years may, at times, be necessary for a derivative claim to become fully evident so as to be actionable. Muething's emotional distress claim is an assertion of a direct, personal injury that was, or should have been, evident within two years of his discovery of the alleged breach of duty by LCP.

It has long been the policy of the law to require that actions involving allegations of tortious conduct be asserted promptly. *State ex rel. Lien v. House* (1944), 144 Ohio St. 238, 247, 29 O.O. 399, 403, 58 N.E.2d 675, 679. See, generally, *Summers v. Connolly* (1953), 159 Ohio St. 396, 50 O.O. 352, 112 N.E.2d 391.

Under the facts presented to this court, Muething's claims for humiliation and damage to his reputation are virtually indistinguishable from his claim for negligent infliction of emotional distress and, therefore, could not be maintained in the absence of an assertion that he feared or saw some quantifiable physical loss. Such physical loss is clearly identifiable as a "bodily injury" and, therefore, we hold that claims of negligently inflicted humiliation or loss

of reputation must be asserted within two years of their discovery, pursuant to R.C. 2305.10.

Accordingly, the judgment of the court of appeals is reversed and the decision of the trial court granting summary judgment to LCP is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment.