Plaintiff-appellant, Helen Ware, appeals from the March 30, 2000 decision and entry of the Franklin County Court of Common Pleas dismissing her complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm the judgment of the trial court.
Appellant originally filed a complaint on March 25, 1997, against defendant-appellees, Kacey Kowars ("Kowars"), Paine Webber Real Estate and Securities, Inc. ("Paine Webber"), and the Ohio Company ("the Ohio Company") in the United States District Court for the Southern District of Ohio, alleging federal securities claims and state law claims. On June 22, 1998, the federal district court dismissed the federal securities claims as time-barred and declined to exercise jurisdiction over the remaining state law claims.
One year later, on June 22, 1999, appellant commenced the instant action in the Franklin County Court of Common Pleas against the same defendants-appellees alleging conversion, breach of oral contract, breach of fiduciary duty, and fraudulent breach of fiduciary duty. Appellees filed motions to dismiss pursuant to Civ.R. 12(B)(6) contending that appellant's claims were time-barred.
On September 23, 1999, appellant filed an amended complaint against the same defendants-appellees. According to her amended complaint, after appellant's husband died, appellant entrusted $250,000 to the Ohio Company to invest "in a conservative and growth-oriented manner." (Amended Complaint at paragraph 7.) Appellant's "investment objectives were to conserve principal, obtain growth on her capital and to supplement her personal income as investment earnings permitted." (Amended Complaint at paragraph 8.)
In late 1983, the Ohio Company began purchasing securities on behalf of appellant. (Amended Complaint at paragraph 9.) These initial purchases conformed to appellant's investment objectives. Id. But, in September 1984, Kacey Kowars, a broker for the Ohio Company, was assigned to appellant's accounts. (Amended Complaint at paragraph 10.)
Kowars engaged in improper trading activities with appellant's funds by making numerous unauthorized, unnecessary sales and purchases of securities for appellant's account and by causing appellant to invest in high-risk, non-conservative investments, such as real estate and gas and oil direct placements, and newly issued, volatile stock offerings. (Amended Complaint at paragraph 12.)
In February 1991, Kowars left the Ohio Company and was hired by Paine Webber. (Amended Complaint at paragraph 15.) Kowars persuaded appellant to allow him to transfer her account to Paine Webber where he would continue to manage her investments. Id. Kowars was unable to transfer all securities in appellant's account at the Ohio Company and, thus, not all of her assets were transferred to Paine Webber. (Amended Complaint at paragraph 16.) No one at the Ohio Company informed appellant of this fact or made any attempt to contact appellant to discuss her account. (Amended Complaint at paragraph 16.)
Appellant informed Paine Webber of her investment objectives and, through its agent Kowars, Paine Webber agreed to adhere to those objectives. (Amended Complaint at paragraph 17.) From February 1991 through March 1993, Kowars engaged in the same practices with respect to appellant's account that he did at the Ohio Company. (Amended Complaint at paragraph 18.) After Kowars left Paine Webber, appellant began receiving reports that were different from the reports she had received from Kowars. (Amended Complaint at paragraph 25.) These reports did not reflect all the investments appellant believed that she owned and failed to reflect the total value of her account as Kowars had represented to her. Id.
In late 1993 or early 1994, believing something was amiss, appellant attempted to contact officials of Paine Webber who refused or failed to provide her with assistance or information regarding her account and who dismissed her inquiries as frivolous. (Amended Complaint at paragraph 26.) Because of appellant's lack of knowledge and familiarity with investing in general, and due to her complete dependence and trust with her investment brokers, appellant did not realize that she had been damaged by the actions of appellees. (Amended Complaint at paragraph 27.) Thus, appellant did not immediately pursue her investigation after Paine Webber dismissed her inquiries. Id.
Appellant engaged counsel in mid-1994 to understand the value of her account. (Amended Complaint at paragraph 28.) After engaging counsel, appellant's investigation was hampered by the continuing refusal and/or delay of the Ohio Company and Paine Webber in releasing appellant's account records and in answering questions. (Amended Complaint at paragraph 29.)
When appellant began investing with Kowars, her account exceeded $250,000. (Amended Complaint at paragraph 30.) When Kowars left Paine Webber, the value of appellant's accounts was approximately $104,000. (Amended Complaint at paragraph 31.)
On March 30, 2000, the trial court granted appellees' Civ.R. 12(B)(6) motions and dismissed the case finding that all of appellant's claims were barred by the applicable statutes of limitations. The trial court held that no matter how appellant's claims were classified, each claim was "based upon or arising out of a sale or contract for sale" of securities and, thus, was governed by the two-year statute of limitations set forth in R.C. 1707.43. Based upon the allegations in her amended complaint, the trial court determined that the latest date upon which appellant knew or should have known of the alleged improprieties perpetrated by appellees was June 1994, when appellant sought the assistance of counsel to understand the value of her account. Given that appellant knew or should have known that her causes of action accrued in June 1994, the trial court determined that appellant was obligated to initiate her action no later than June 1996, "two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful." R.C. 1707.43.
Appellant timely appealed, raising the following assignment of error:
 The trial court erred to the prejudice of appellant by holding that her claims were time barred under R.C. Section 1707.43 when that statute is not applicable to the facts of appellant's case.
In her assignment of error, appellant argues the trial court should have applied the statutes of limitations for breach of contract, breach of fiduciary duty, conversion, and fraud to her claims rather than the statute of limitations contained in R.C. 1707.43, governing actions arising out of a sale of securities. Appellant attempts to distinguish cases applying the statute of limitations governing the sale of securities by characterizing her claims as being related to the mismanagement of her investment account rather than wrongdoing connected with the sale of securities.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal is appropriate. McGlonev. Grimshaw (1993), 86 Ohio App.3d 279, 285. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Id. Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144. In construing the complaint on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192. A Civ.R. 12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred. Velotta v.Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 379. To conclusively show that the action is time barred, the complaint must demonstrate both: (1) the relevant statute of limitations; and (2) the absence of factors that would toll the statute, or make it inapplicable.Tarry v. Fechko Excavating, Inc. (Nov. 3, 1999), Lorain App. No. 98 CA 7180, unreported.
In pertinent part, R.C. 1707.43 sets forth the statute of limitations in cases arising out of the sale of securities as follows:
 No action for the recovery of the purchase price as provided for in this section, and no other action for any recovery based upon or arising out of a sale or contract for sale made in violation of Chapter 1707. of the Revised Code, shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than four years from the date of such sale or contract for sale, whichever is the shorter period.
Appellant characterizes her claims as arising not from the sale of securities but from mismanagement of her account after the securities were purchased. Appellant relies on Lynch v. Dean Witter Reynolds, Inc.
(Sept. 10, 1999), Montgomery App. No. 17664, unreported, for the proposition that an action for the sale of a security, pursuant to R.C. Chapter 1707 and a common law action for breach of a contract relating to how such a security is managed after the sale, are not necessarily mutually exclusive and, therefore, one must look to the actual nature or subject matter of a case to determine the applicable limitations period.
While appellant has correctly paraphrased part of the analysis inLynch, the case actually supports the opposite position that appellant seeks to advance. In Lynch, supra, a group of investors filed a class action complaint against Dean Witter alleging breach of an investment contract. The investors alleged that Dean Witter failed to make required disclosures, engaged in self-dealing, acted without due diligence, and improperly managed investment accounts. The investors claimed that these acts did not fall within the scope of R.C. 1707.43 because they were alleging acts of mismanagement that occurred after the securities had been purchased.
The court of appeals upheld the trial court's dismissal of the claims as barred by the statute of limitations for securities fraud found in R.C. 1707.43. The court of appeals reasoned that, although styled as a breach of contract claim arising after the sale of securities, the investors' claims actually related to the purchase of the securities and, therefore, fell within the ambit of R.C. 1707.43.
The court noted that specific statutory provisions prevail over conflicting general provisions unless the legislature's intent that the general provisions prevail is clear. Lynch, supra. See, also, R.C. 1.51. Accordingly, if a plaintiff's claims can be characterized both as violations of the specific provisions of R.C. Chapter 1707 and as a breach of contract claim, the limitations period set forth in R.C. 1707.43
prevails over the general limitations period for breach of an oral contract. Id.
Similarly, when a claim grounded in common law fraud arises out of a sale made in violation of R.C. 1707.01 et seq., the statute of limitations governing the claim is that provided in R.C. 1707.43. Katzv. Genninger (Jan. 31, 1985), Hamilton App. No. C-840219, unreported. InAdams v. Dean Witter Reynolds, Inc. (June 17, 1999), Cuyahoga App. No. 74379, unreported, the complaint alleged that Dean Witter, through its employee, Thomas Moore, engaged in a course of conduct over a period of years in which the account that appellant's late mother maintained with Dean Witter was negligently and/or fraudulently managed, resulting in significant financial loss. Despite there being no specific allegations of fraud in the complaint, the court applied the statute of limitations contained in R.C. 1707.43 noting that "[t]he relevant statute of limitations for allegations of claims involving fraud in the sale of securities is set out in R.C. 1707.43, which is titled `Remedies of Purchaser in Unlawful Sale.'"
In Hater v. Gradison Div. of McDonald Co. Securities, Inc. (1995),101 Ohio App.3d 99, the Hamilton County Court of Appeals addressed the issue of whether the statute of limitations contained in R.C. 1707.43
applied to allegations of fraud brought by investors as owners of the securities, not as purchasers. Again, the court recognized that allegations of fraud, which are necessarily predicated upon a sale made in violation of Ohio's securities laws, are controlled by the limitations period contained in R.C. 1707.43.
Here, appellant has specifically alleged that Kowars engaged in improper trading activities by making unauthorized and unnecessary purchases and sales and by investing in high risk securities instead of following appellant's conservative growth oriented investment objectives. Appellant alleged that she acquiesced in these activities, even though they were not consistent with her investment objectives "because of the concealment, misrepresentations, fraudulent acts, and the superior knowledge of the [appellees]." (Amended Complaint at paragraph 24.) Then Kowars is alleged to have hidden the resulting losses from appellant by giving her false reports and misrepresenting her financial condition. (Amended Complaint at paragraph 25.)
Although appellant has attempted to avoid the application of R.C. 1707.43
by framing her counts as common law claims for breach of contract, breach of fiduciary duty, conversion, and fraudulent breach of fiduciary duty, "we must look to the actual nature or subject matter of the case, rather than the form in which an action is pleaded, to determine the applicable limitations period." Helman v. EPL Prolong, Inc. (Oct. 30, 2000), Columbiana App. Nos. 98 CO 83, 99 CO 5, unreported, quoting LawyersCooperative Publishing Co. v. Muething (1992), 65 Ohio St.3d 273, 277. In reviewing the allegations of appellant's complaint, we find that appellant has alleged conduct that is violative of R.C. Chapter 1707's prohibition against fraud in the sale of securities. For example, R.C.1707.44(K) provides that "[n]o person, with purpose to deceive, shall make, record, or publish, or cause to be made, recorded, or published, a report of any transaction in securities which is false in any material respect." As such, appellant's allegations are "inextricably interwoven" with the sale of the securities and, therefore, controlled by the limitations period contained in R.C. 1707.43.
Appellant attempts to distinguish the body of case law applying the limitations period contained in R.C. 1707.43 by noting that, in those cases, plaintiffs were directly investing in defendants whereas in this case, appellant hired appellees to purchase stocks from third parties for her. We find this argument unpersuasive and contradicted by the plain language of the statute. R.C. 1707.43 applies to actions for recovery "based upon or arising out of a sale or contract for sale made in violation of Chapter 1707. of the Revised Code," and, as such, it is irrelevant whether the plaintiff is directly investing in the defendant's securities or hiring the defendant to purchase stocks for her. Appellant's argument is not well-taken.
It is also equally clear from the complaint that appellant did not file any action until March 25, 1997, more than two years after she discovered the alleged wrongdoing on the part of appellees in 1994. Thus, appellant's claims are barred by R.C. 1707.43. Nor has appellant cited any factors which might toll the running of the statute or make it inapplicable.
Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.