**John W. REHKOPH, Plaintiff—Appellant Cross—Appellee,**

**v.**

**REMS, INC. and Siemens Energy & Automation, Inc., Defendant—Appellee Cross—Appellant.**

**Nos. 00–4057, 00–4089, 00–4254.**

United States Court of Appeals, Sixth Circuit.

July 2, 2002.

Before GUY and BATCHELDER, Circuit Judges; and COHN,* District Judge.

* The Honorable Avern Cohn, United States District Court for the Eastern District of Michi-

COHN, District Judge.

This is a breach of contract case. Plaintiff–Appellant John Rehkoph (Rehkoph) appeals from the district court's grant of Defendant–Appellees REMS, Inc.'s (REMS) motion for summary judgment because Rehkoph's claims were barred by laches. REMS cross-appeals the district court's decision that Rehkoph's claims were not time-barred by a four year statute of limitations under Ohio Revised Code § 2305.06. For the reasons that follow we reverse the district court's grant of summary judgment and remand the case to the district court for further action.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In 1979, Rehkoph entered into a ten-year lease of a parcel of real property in Toledo, Ohio, with REMS. Rehkoph had purchased the parcel, which consisted of a building used as a manufacturing facility with storage capacity and a vacant lot, in 1970 for $200,000. He added improvements to the parcel at an expense of $175,000.

The lease contained an option to buy for $270,000. The lease also contained a clause in which REMS agreed to "maintain both the interior and exterior of the structures on the Premises in good order and repair." Further, the lease stated that "[u]pon termination of this Lease, [REMS] shall surrender the premises to [Rehkoph] in as good general condition as the commencement of the Lease, except for normal wear and tear."

Rehkoph says that at the time he entered into the lease he believed that the property was worth more than $300,000. Further, in 1978 during a foreclosure ac-

tion, the property was appraised at $350,000.

In the late 1980's, Rehkoph observed that the building was suffering from substantial deterioration necessitating repair of the roof, walls, windows, and electrical system. He contacted REMS requesting that it make necessary repairs to the building to keep it in good repair. Rehkoph obtained estimates of the costs for necessary repairs on the building which exceeded $180,000. Rehkoph submitted these estimates to REMS. In 1989, at the end of the lease, REMS moved out of the building without making any repairs.

Rehkoph obtained an appraisal of the parcel in 1989. At that time, it was appraised at $190,000. Rehkoph sold the parcel to an independent third party in 1990 for $175,000. The purchaser also paid an additional $35,000 to be applied to Rehkoph's mortgage indebtedness and $10,000 on additional liens placed on the parcel.

Between 1989 and 1993, Rehkoph and REMS communicated with each other regarding whether REMS owed Rehkoph for the depreciation in the value of the parcel due to REMS failure to maintain and repair the building. In 1999, Rehkoph filed suit in the district court alleging breach of contract.[1]

The district court held that Rehkoph's claims were not time-barred by the statute of limitations. However, the district court granted REMS's motion for summary judgment on the grounds that Rehkoph's claims were barred by laches and dismissed the case.

## II. ANALYSIS

### A. Standard of Review

This Court reviews the grant of summary judgment de novo. *Johnson v. Unit-*

gan, sitting by designation.

1. The case was set for jury trial.

*ed States Postal Serv.,* 64 F.3d 233, 236 (6th Cir.1995).

## B. Statute of Limitations

■ The district court concluded that the action was for breach of contract. Accordingly, the district court held that the applicable statute of limitations was Ohio Revised Code § 2305.06 which states "an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." In applying § 2305.06, the district court reasoned that the cause of action accrued in 1988 when Rehkoph discovered REMS's failure to repair the building. Because Rehkoph filed the action in 1999, the district court held that the action was not time-barred by the statute of limitations.

REMS argues that the district court erroneously concluded that Rehkoph's action was for breach of contract. Rather, REMS argues, the action was for the tort of waste. Accordingly, REMS argues, Rehkoph's action was time-barred under Ohio Revised Code § 2305.09, which states that an action for "an injury to the rights of the plaintiff not arising on contract" "shall be brought within four years after the cause thereof accrued."

The applicable statute of limitations is predicated on a determination of whether the action sounds in tort or contract. *See Velotta v. Leo Petronzio Landscaping, Inc.,* 69 Ohio St.2d 376, 433 N.E.2d 147 (1982); *Meeker v. Shafranek,* 112 Ohio App. 320, 176 N.E.2d 293 (1960). Accordingly, the "court[ ] must look to the actual nature or subject matter of the case, rather than to the form which is pleaded." *Lawyer's Cooperative v. Muething,* 65 Ohio St.3d 273, 603 N.E.2d 969 (1992). To determine whether the action sounds in tort or in contract, the Court must examine the origin of the duty that was alleged-

ly breached. *Id.* If the source of the duty breached is common law, the action sounds in tort. *Id.* Conversely, if the source of the duty breached is a contract, the action sounds in contract. *Id.*

REMS argues that the lease agreement provisions codified the common law duty of a tenant not to allow property to waste. Accordingly, REMS argues, the action sounded in tort. Rehkoph argues that, under the lease, REMS agreed to perform necessary repairs to the building to ensure that the building remain in good condition. Rehkoph argues that the duty went beyond the common law duty to avoid waste. Accordingly, Rehkoph argues, the action sounded in contract.

To support its argument, REMS cites the provision in the lease that required it to surrender the building "in as good general condition as the commencement of the Lease, except for normal wear and tear." REMS argues that because this provision did not require it to make repairs of damage to the building caused by normal wear and tear, the lease agreement did not create a duty beyond that already established in the common law. Section 6 of the lease, however, required REMS to "maintain both the interior and exterior of the structures on the Premises in good order and repair." This provision supports the argument that the lease created a duty to repair the building that went beyond the duty at common law to avoid waste. *Freedline v. Cielensky,* 115 Ohio App. 138, 142, 184 N.E.2d 433 (1961) (holding that under the common law, "[a] tenant is only obligated to repair or improve premises which result from an agreement to do so, or as the result of conduct that amounts to waste. He is not obligated to make a repair made necessary as the result of ordinary wear and tear. It would seem to follow that a tenant, in the absence of an agreement to do so, is not required to

make substantial or lasting repairs and improvements to the leased premises." (internal citations omitted)).

In his complaint, Rehkoph alleges that REMS breached section 6 of the lease because it "failed to maintain [the] interior and exterior of the building on the premises in good order and repair." Rehkoph alleges that REMS failure to make necessary repairs caused damage to the roof, walls and structure of the building. Because Rehkoph alleges that the lease obligated REMS to make substantial permanent repairs to the building by maintaining and repairing the roof, walls and structural integrity of the building, the duty created in the lease went beyond the common law duty to avoid waste. Accordingly, the action sounded in contract.

Because the action was for breach of contract, the applicable statute of limitations was Ohio Revised Code § 2305.06 which provides "an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." The action accrued in 1988 when REMS failed to repair the building. Therefore, because Rehkoph filed the action in 1999, it was not time-barred under the statute of limitations.

### C. Laches

A claim, though not time-barred by the Ohio statute of limitations, may be dismissed under the affirmative defense of laches. The "elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex. rel. Mallory v. Public Employees Retirement Board,* 82 Ohio St.3d 235, 244, 694 N.E.2d 1356 (Ohio 1998). The district court held that Rehkoph's action was

barred by laches because he delayed in bringing the suit from 1989 until 1999.

Assuming, *arguendo,* that the district court did not err in finding that the first three elements of the defense of laches were satisfied, the defense of laches is not available unless REMS can establish that it was prejudiced by Rehkoph's delay in bringing suit. "Prejudice is not inferred from the mere lapse of time.... In order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." *Id.* (internal citation omitted).

The district court held that REMS was materially prejudiced by Rehkoph's delay in bringing the suit because the delay impaired REMS's ability to obtain a valuation of the parcel as of 1979. In reaching its decision, the district court reasoned that Rehkoph's expert, who examined the parcel in 1989 at the termination of the lease, was unable to offer a value as of 1979. Further, the district court examined Rehkoph's evidence of the value as of 1979 and deemed the evidence to be insufficient. Specifically, the district court found that: (1) Rehkoph's valuation was insufficient because he was not a qualified appraiser; (2) the negotiated option to purchase price set in the lease was insufficient evidence of the actual value of the parcel in 1979; (3) REMS's employee who negotiated the lease was not a qualified appraiser and was, therefore, unable to offer sufficient evidence of the value of the parcel as of 1979; and (4) Rehkoph's expert who evaluated the parcel in 1989 at the termination of the lease failed to provide an opinion as to the value of the parcel as of 1979. Accordingly, the district court granted REMS's motion for summary judgment and dismissed Rehkoph's action because of laches.

Notably absent from the district court's decision is any analysis of how Rehkoph's delay in bringing the action contributed to any difficulty REMS might have in establishing the value of the parcel as of 1979. However, the defense of laches applies only when the plaintiff's delay materially prejudices REMS. A review of the record establishes that Rehkoph's delay in bringing the action did not affect the difficulty in assessing the value of the parcel as of 1979. Accordingly, the delay in filing the suit from the termination of the lease in 1989 until 1999 did not affect the ability of REMS to establish a value of the parcel as of 1979.

Further, the district court improperly evaluated evidence of the value of the parcel in 1979 in granting REMS's motion for summary judgment. The district court evaluated the weight and credibility of Rehkoph's value in 1979 to conclude that it was insufficient.[2] Moreover, the district court evaluated the weight of the option to purchase price set by the parties in the lease. Concluding that an option to purchase price can reflect a value that is based on negotiation strategies rather than fair market value of the property, the district court held that this was also insufficient evidence of value. Finally, the district court ignored the value stated of the parcel in 1978 when it was appraised in a foreclosure action.

Accordingly the district court erred in granting REMS's motion for summary judgment and dismissing Rehkoph's action under the doctrine of laches.

## D.   Recusal of the District Judge

■  Rehkoph argues that the district judge improperly acted as the mediator in this case and later as the ultimate fact finder with respect to REMS's motion for summary judgment. Rehkoph argues that the district judge should have recused himself and that he was prejudiced when he later ruled on the motion for summary judgment.

REMS argues that the judge did not act as a mediator but rather handled a settlement conference. REMS also argues that Rehkoph failed to present any evidence that the judge acted partially or with bias. REMS also argues that because this case was set for jury trial, the district judge was not the ultimate fact finder. Finally, REMS argues that Rehkoph never objected to the district judge acting as the mediator.

To support his argument, Rehkoph cites two cases, *Clark v. Stapleton Corp.*, 957 F.2d 745 (10th Cir.1992); *Kitchen v. Kitchen*, 239 Mich.App. 190, 607 N.W.2d 425 (1999). However, neither of these cases support the proposition that a judge must always recuse himself on a case in which he acted as a mediator. Further, Rehkoph did not object to the district judge acting as a mediator nor did he later ask the district judge to recuse himself from ruling on the motion for summary judgment. Accordingly, under these circumstances, it was proper for the district judge to rule on the motion for summary judgment as well as continue in the case.

---

**2.**  The district court concluded that Rehkoph's valuation was not competent evidence of value because Rehkoph was not an expert. The opinion of a land owner as to the value of his property is, however, competent evidence of value. *Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (Ohio 1987) (" 'The owner of real estate is assumed to possess suffi-

cient acquaintance with it to estimate the value of the property, and his estimate is therefore received although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.' ")(citing *Morris v. Huber*, 15 Ohio Law Abs. 71, 73 (Ohio App.1933)).

## III. CONCLUSION

Because Rehkoph's action is for breach of contract, we find that the district court did not err in finding that Rehkoph's claims were not time-barred by the four year statute of limitations pertaining to tort actions. *See* Ohio Revised Code § 2305.06. Further, we find that the district court erred in granting REMS's motion for summary judgment on the basis of laches. Finally, we find that the district court did not err in ruling on the motion for summary judgment when the parties had consented to his participation as a mediator in the case on a prior occasion.

Accordingly, the district court's decision to grant REMS's motion for summary judgment on the basis of laches is RE-VERSED and the case is REMANDED for further action.