{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Raymond Wolf appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees Joseph Sylvester Construction, Co., Southwestern Development Company, and Southwestern Place Condominium Association, the trial court concluding there were no remaining genuine issues of material fact. The issues we must resolve are: 1) whether Wolf's claims against the Association and the Development Company were timely filed within the applicable statute of limitations and 2) whether there may be privity of contract between Wolf and the Construction Company. We resolve these issues in favor of Wolf and conclude the trial court erred when it granted summary judgment to defendants. First, Wolf's claims against the Association and the Development Company are not time-barred by the applicable statute of limitations which is R.C. 2305.07. Secondly, when viewing the facts in the light most favorable to Wolf, there is a genuine issue as to whether he was in privity of contract with the Construction Company. Accordingly, we reverse the trial court's decision and remand this case for further proceedings.
 {¶ 2} On September 21, 1994, Wolf purchased a condominium from the Development Company built by the Construction Company. In early October, Wolf and his mother moved into the condominium. Shortly thereafter, the two began to notice a "[n]auseous odor coming from the heating and venting system * * *." Wolf contacted the Construction Company which investigated his complaint. Although the Construction Company determined no problem existed, the Wolfs reported the odor on several later occasions.
 {¶ 3} In November 1995, Wolf woke up one morning and found condensation on the inside of all his windows. Wolf assumed it was a problem with the heating system and called a heating contractor. The heating contractor told Wolf water was entering underneath the unit and was seeping into the duct-work below the floor. He told Wolf, "I don't think this is a heating problem. There is water in the foundation. You need to take care of it." After hearing this, Wolf hired an engineer to ascertain the exact nature of the problem. Wolf claims it was at this time, in November 1995, that he knew with any certainty what caused the "symptoms."
 {¶ 4} On June 25, 1999, Wolf filed suit against the Association, the Developer, and the Construction Company. In his complaint, Wolf asserts the Association violated its duty to maintain, upkeep, and repair the condominium's common areas. He asserts the Developer and the Construction Company extended certain warranties and rights to him when he bought the condominium and their inaction in repairing the problem breached those warranties. Both the Association and the Developer moved for summary judgment, claiming Wolf's complaint sounded in tort and was barred by a four-year statute of limitations. The Construction Company also moved for summary judgment, claiming it could not be liable for breach of warranty as there was no privity of contract between itself and Wolf. Wolf responded by arguing his claims sound in contract rather than tort and, therefore, his claims fell within the longer statute of limitations. In the alternative, he argued that even if his claims did sound in tort, the discovery rule tolled the applicable statute of limitations. He also argued there was a genuine issue of material fact as to whether he was in privity of contract with the Construction Company. The trial court granted each defendant's motion for summary judgment.
 {¶ 5} We reverse the trial court's decision to grant summary judgment in favor of all three defendants. It was incorrect for the trial court to conclude that the statute of limitations bars Wolf's claims against both the Association and the Development Company. Even though Wolf makes distinct claims against each of those entities, those claims all arise out of duties imposed upon those entities by statute and, thus, are subject to the six-year statute of limitations found in R.C.2305.07. As Wolf filed his action within six years of buying his condominium, the very first date possible for any of his causes of action to accrue, his claims against both the Association and the Development Company were timely. The trial court erred in granting summary judgment to the Construction Company because the documents Wolf submitted in response to the Construction Company's motion indicate the Construction Company may have sold the condominium to Wolf. Thus, Wolf has demonstrated a genuine issue of material fact as to whether he and the Construction Company were in privity of contract.
 {¶ 6} We review a trial court's order granting summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243. The moving party bears the initial burden of proving that no genuine issue of material fact exists.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The non-moving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293; Civ.R. 56(E). In order to meet this burden, a party must submit some form of documentary evidence specified in Civ.R. 56(C) showing there is a genuine issue for trial. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735,600 N.E.2d 791.
 {¶ 7} As his first assignment of error, Wolf asserts:
 {¶ 8} "The trial court erred in granting Defendant-Appellee's Southwestern Place Condominium Association and Southwestern Development Companies individual motions for summary judgment based upon the Plaintiff-Appellant's timeliness in filing his initial lawsuit, finding no genuine issues of material facts."
 {¶ 9} Wolf addresses the trial court's decision to grant summary judgment to the Association and the Development Company together. However, even though the trial court concluded Wolf's claims against both defendants were time barred, our analysis of summary judgment in favor of each defendant is necessarily distinct as Wolf's complaint does not allege they committed the same or similar wrongful acts. Thus, Wolf's claims against each of these defendants must be addressed individually.
 {¶ 10} In his claim against the Association, Wolf asserts it has the duty to maintain, upkeep, and repair all common areas of the condominium and the Association breached that duty. He also asserts he called this matter to the Association's attention numerous times and it failed to act to correct the problem. He claims that as a direct and proximate result of the water seepage into the foundation, which is a common area, he has been damaged and is entitled to relief.
 {¶ 11} In its motion for summary judgment, the Association argued Wolf's claim sounded in tort and the claim is time-barred by a four-year statute of limitations. Wolf responded by arguing his claim clearly sounded in contract. He further argued even if the claim did sound in tort, his action would not be barred as he had filed his action within the time allotted by the statute via the discovery rule. In order to determine whether the trial court properly granted summary judgment to the Association, we must determine the applicable statute of limitations and then whether the lawsuit was timely filed.
 {¶ 12} When determining which statute of limitations applies to a particular cause of action, courts must look to the actual nature or subject matter of the case rather than to the form in which the action is pleaded. Lawyers Cooperative Publishing Co. v. Muething (1992),65 Ohio St.3d 273, 277, 603 N.E.2d 969. The grounds for bringing the action are the determinative factors. Id. at 277-278. As the First District has stated, the applicable statute of limitations is determined by the gist of the complaint. Hibbett v. Cincinnati (1982),4 Ohio App.3d 128, 131, 4 OBR 220, 446 N.E.2d 832. In his complaint, Wolf argues he should be allowed to recover damages due to the Association's alleged breach of its duty to maintain, repair, and upkeep the condominium property's common areas.
 {¶ 13} A condominium owners association has the statutory duty to repair and maintain the common areas on the condominium property. See R.C. 5311.04(F); R.C. 5311.14(A); Behm v. Victory Lane Unit Owners'Assn., Inc. (1999), 133 Ohio App.3d 484, 487, 728 N.E.2d 1093. In addition, unless the declaration filed with the recorder provides otherwise, the Association's by-laws must set forth "[b]y whom and the procedure by which maintenance, repair, and replacement of the common areas and facilities may be authorized." R.C. 5311.08(B)(4). If the Association violates the terms of its by-laws, a condominium owner can maintain a claim for breach of contract against the Association. Behm at 487; Portale v. Berkshire Condominium Owners Assn. (Oct. 13, 1994), 8th Dist. No. 66793, at 8. Accordingly, the Association's duty to maintain and repair the common areas of the condominium property is both contractual and statutory in nature. It does not sound in tort.
 {¶ 14} Although Wolf argues his action against the Association is a contract claim, he has failed to demonstrate he is entitled to avail himself of the statute of limitations governing contract, R.C. 2305.06. As stated above, at summary judgment, the non-movant bears the burden of demonstrating, via documentary evidence, the existence of a genuine issue of material fact and cannot rest on allegations in the pleadings.Dresher, supra. Because Wolf has not produced any evidence of the by-laws, he has failed to meet that burden. However, the duty Wolf claims the Association breached is also statutory in nature. Under R.C. 2305.07, any action based upon a liability created by oral or implied contracts or relevant to this case, a statute other than a forfeiture or penalty must be brought within six years after the cause of action accrues. Thus, any action for breach of the Association's statutory duties must be brought within six years of the alleged breach. See Arbor Village CondominiumAssn. v. Arbor Village Ltd., L.P. (1994), 95 Ohio App.3d 499,642 N.E.2d 1124.
 {¶ 15} In this case, Wolf bought his condominium on September 21, 1994, and the actions leading to the alleged breach of the Association's duty to repair and maintain the property occurred after that date. Wolf filed his complaint on June 25, 1999. Because he filed his complaint within six years of the date upon which the cause of action could have accrued, his claims against the Association are not time barred. The trial court erred in granting summary judgment for the Association.
 {¶ 16} The Development Company's argument within its motion for summary judgment is similar to the Association's. It also argues Wolf's claim sounds in tort rather than contract and is barred by the statute of limitations. Wolf's response to the Development Company's argument is identical to his response to the Association. He contends his claim arises out of contract and was timely filed. Although Wolf's claim against the Development Company is very different than his claim against the Association, the analysis for statute of limitations purposes is similar.
 {¶ 17} The gist of Wolf's claim against the Development Company likewise sounds in contract, not tort. Wolf claims the Development Company extended certain rights and warranties to him when he bought the condominium and the Development Company has breached that warranty by failing to correct the water problem. Regardless of whether those warranties were actually in the sales document, the legislature has mandated that a developer provide a buyer with certain statutory warranties regarding defects in the material or workmanship of a condominium when selling that condominium. R.C. 5311.25(E). R.C. 5311.27
provides damages for a violation of the warranties contained in R.C.5311.25. Accordingly, Wolf's claim would also be subject to the six-year statute of limitations governing liabilities created by statute in R.C.2305.07. Because Wolf filed his complaint within six years of his purchase of the condominium, his complaint against the Development Company is not time-barred. The trial court erred when granting summary judgment to the Development Company.
 {¶ 18} Because Wolf's claims against both the Association and the Development Company do not sound in tort, rather, they arise out of statutory duties owed to Wolf by those defendants and were filed within six years of the alleged breaches of those duties, the complaint is timely pursuant to R.C. 2305.07 regardless of whether the defendants violated any existing contractual duties. Furthermore, because we find his claims arise from those statutory duties and are timely filed, we need not address Wolf's claim that the discovery rule tolls the statute of limitations. Thus, the trial court erred in granting summary judgment to both the Association and the Development Company. Wolf's first assignment of error is meritorious.
 {¶ 19} As his second assignment of error, Wolf alleges:
 {¶ 20} "The trial court erred in granting Defendant-Appellee Joseph Sylvester Construction's motion for summary judgment based upon the lack of privity of contract with the Plaintiff-Appellant, finding no genuine issues of material facts."
 {¶ 21} Wolf's cause of action against the Construction Company is the same as that against the Development Company; he alleges the Construction Company extended certain warranties to him when he bought the condominium and the water problem in his condominium is a breach of those warranties. The Construction Company moved for summary judgment, asserting it was not in privity of contract with Wolf. In support of that assertion, the Construction Company filed an affidavit stating there was no contract between it and Wolf. Wolf argues there is a genuine issue of material fact as to whether he is in privity of contract with the Construction Company due to two documents that name both the Development Company and the Construction Company as the seller of the condominium.
 {¶ 22} The concept of "privity of contract" has long been a part of Ohio's jurisprudence. See Hart's Lessee v. Johnson (1833), 6 Ohio 87. Essentially, privity of contract is the connection or relationship between two contracting parties which allows them to sue each other but prevents third parties from suing on the contract. Lippy v. Soc. Natl.Bank (1995), 100 Ohio App.3d 37, 48, 651 N.E.2d 1364; Black's Law Dictionary (7th Ed. 1999), 1217. Without a contractual connection or relationship between the parties, there is no privity of contract. Id.
 {¶ 23} In this case, Wolf has presented sufficient evidence to raise a genuine issue of material fact as to whether the Construction Company was a party to the contract in which Wolf purchased his condominium. First is the document addressing who was responsible for the real estate taxes on Wolf's newly purchased condominium. In that document, Wolf is listed as the "Buyer" and both the Construction Company and the Development Company are listed as "Sellers". Second is a United States Department of Housing and Urban Development settlement statement form. In that document, Wolf is listed as the borrower and the seller is identified as "Joseph Sylvester Const. c/o Southwestern Dev. Co." Finally, during his deposition Wolf was asked why he asked the Construction Company to fix the odor in November 1994. He responded that he knew the Construction Company was the company that built his unit, that he had looked at plans before his condominium unit was constructed, and that the Construction Company built the condominium for him. When these facts are viewed in the light most favorable to Wolf, they create a genuine issue as to whether the Construction Company is in privity of contract with Wolf. The trial court erred in granting summary judgment to the Construction Company. Wolf's second assignment of error is meritorious.
 {¶ 24} Because we conclude that Wolf's claims against the Association and the Development Company are subject to the six-year statute of limitations found in R.C. 2305.07, his complaint was timely filed. Likewise, the evidence Wolf presented, when viewed in the light most favorable to him, creates a genuine issue as to whether he and the Construction Company were in privity of contract. Accordingly, the trial court erred when it granted the defendants' motions for summary judgment. For these reasons, Wolf's assignments of error are meritorious and the decision of the trial court is reversed. This case is remanded to the trial court for further proceedings.
Vukovich, P.J., concurs.
Donofrio, J., concurs.