No. 239

No. 19853—D. W. Lowe et al. v. Eva Florence Kindall.

No. 19855—The Pure Oil Co., a corporation, v. Eva Florence Kindall.

Error to the Court of Appeals of Monroe county.

940. PRESUMPTIONS—Where in civil action, conclusion of fact is necessary in the determination of the judgment rendered by trial court, and there are no exceptions or findings of fact before the reviewing court in proceeding to reverse, it is presumed that trial court had sufficient evidence before it to sustain said judgment.

576. GAS & OIL LEASES—1. Where the owner of land has granted the oil and gas under the premises to a company for development for 25 years, and before the expiration of the period, conveys the land, excepting and reserving all royalty in the oil, gas and gasoline from wells on the land, together with rentals, they preserve a royalty interest only.

2. An attempt to extend the terms of such lease or convey the corpus of the oil and gas by the oil company, is of no avail.

DAY, J.

1. In a civil action where the determination of an issue of fact between the parties is essential to the conclusion reached and judgment rendered by a trial court and there is no bill of exceptions or finding of fact before the reviewing court wherein said judgment is sought to be reversed, a presumption arises that such lower court had sufficient evidence before it to sustain said judgment.

2. Where the owner of land has granted the oil and gas in place underlying such premises to an oil company for development upon a royalty basis with a limitation of such rights for the period of twenty-five years, and afterwards the heirs of such owner, before the expiration of such period of limitation, convey by deed said tract of land, "excepting and reserving to the grantors herein, their heirs and assigns forever, all the royalty in the oil, gas and gasoline, produced from wells drilled and now operated on said first above described tract of land, together with all rentals and other compensa-

tion or benefits arising therefrom; also excepting and reserving to said grantors, their heirs and assigns forever, one-half of all the royalty in the oil, gas and gasoline prduced from wells that may be hereafter drilled upon said tract of land, together with one-half of the rentals or other compensations or benefits arising therefrom, except as herein otherwise provided. Also excepting and reserving to the grantors herein, their heirs and assigns forever, all the royalty in the oil, gas and gasoline produced from wells drilled and now operated on said second tract of land, above described, together with all rentals or other compensations or benefits arising therefrom; also excepting and reserving to the grantors herein, their heirs and assigns forever ¾ of all the royalty in the oil, gas and gasoline produced from wells that may hereafter drilled upon said second tract of land. Together with ⅜ of the rentals or other compensations or benefits arising therefrom, except as otherwise herein provided", the same does not operate as a reservation and exception of the corpus of such oil and gas in place, title to which, at the date of said deed, was in the oil company or its successors, under its grant; but such exceptions and reservations preserve a royalty interest only. The attempt to extend the terms of such oil and gas lease or convey the corpus of the oil and gas in place to the oil company or its successors, by the grantors under such a deed, by virtue of the reservations and exceptions contained therein, is of no avail.

Judgments affirmed.

Marshall, CJ., Kinkade, Robinson, Jones and Matthias, JJ., concur. Allen, J., concurs in the syllabus and in the judgment in cause No. 19855.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

147. BILLS & NOTES.

Purchaser of real estate who endorsed notes "without recourse to me," to seller, cannot be held to guarantee payment of said notes to the seller." Finkelman v. Alex. OA. 5 Abs. 184.

225. CHARGE TO JURY.

When in a first degree murder trial evidence shows intentional shooting by the accused of a police officer, endeavoring to lawfully arrest him, and that the shooting was done in an unlawful resistance in order to escape and the death of the officer, a charge on assault and battery not called for. Lyon v. State. OS. 5 Abs. 189.

291. CONSTITUTIONAL LAW.

1. A system by which an inferior judge is paid for his services only when he convicts the defendant has not become so embedded by custom in general practice, either at common law or in this country, that it can be regarded as due process of law unless the costs imposed are so small that they be ignored as within de minimis non curat lex.

2. Ohio statutes providing for trial by village mayor of one accused of violating Ohio prohibition act, by vesting judicial power in one who by reason of his interest, both as an individual and as chief village executive, is disqualified to exercise it, held: Violative of U. S. Amend. XIV as depriving accused persons, so tried, of due process.

3. State Power to Create Judicial System: Jury Trial.