[Cite as *Cottrill v. Quarry Ents., L.L.C.*, 2022-Ohio-3396.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LINDA COTTRILL | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2022 CA 00011 |
| QUARRY ENTERPRISES, LLC | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 2021 CV 00721


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      September 27, 2022


APPEARANCES:

For Plaintiff-Appellant

WARNER MENDENHALL
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, Ohio 44304

For Defendant-Appellee

ROBERT J. TSCHOLL
JENNIFER L. ARNOLD
235 3rd Street, SW
Canton, Ohio 44702

*Wise, J.*

{¶1} Plaintiff-Appellant, Linda Cottrill, appeals from the December 27, 2021, Judgment Entry by the Stark County Court of Common Pleas. Defendant-Appellee is Quarry Enterprises, LLC. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND CASE**

{¶2} Appellant has resided at 3576 Erie Avenue SW, Massillon, Ohio 44464 since 1941 ("Appellant's property").

{¶3} Appellee owns a 4.77-acre tract of land adjoining Appellant's property. The portion of land abutting Appellant's property is the "disputed property."

{¶4} On May 24, 2021, Appellant filed a Complaint asking for a declaratory judgment of adverse possession and quiet title to disputed property.

{¶5} In the Complaint, Appellant alleged she received title to Appellant's property in 1971 from her mother. The disputed property has had no activity on it since Appellant took possession of Appellant's property. The disputed property has been cared for, maintained, and used exclusively by Appellant and her predecessors in title since 1946. This use has included mowing, clearing trees, horseback riding, burying family pets, parking equipment, and more. This use has been continuous for over twenty-one years prior to filing the Complaint.

{¶6} On June 21, 2021, Appellant filed an Answer.

{¶7} On August 25, 2021, Appellee filed a Motion for Summary Judgment. In the Motion, Appellee presented evidence of an oil and gas lease dated January 7, 1958. This lease granted The East Ohio Gas Company, in part, an oil and gas lease for the disputed

property. The East Ohio Gas Company properly recorded the lease with the Stark County Recorder's Office.

{¶8} On September 22, 2021, Appellant filed a Response to Appellee's Motion for Summary Judgment.

{¶9} On December 27, 2021, the trial court granted Appellee's Motion for Summary Judgment.

## ASSIGNMENTS OF ERROR

{¶10} Appellant filed a timely notice of appeal and herein raise the following three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN RULING THE 1958 GAS AND OIL LEASE DESTROYED PLAINTIFF'S CLAIM OF EXCLUSIVE USE OF THE COTTRILL SECTION.

{¶12} "II. THE TRIAL COURT ERRED IN FINDING THERE WAS NO SEVERANCE OF THE MINERAL AND SURFACE ESTATES OF THE COTTRILL SECTION.

{¶13} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE SINCE APPELLEE FAILED TO DEMONSTRATE THAT IT USED THE COTTRILL SECTION."

## Standard of Review

{¶14} With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio

App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56 a trial court may grant summary judgment if it determines: (1) no genuine issues of material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

{¶15} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶16} The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrates the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶17} For the sake of judicial economy, we will address the Assignments of Error together.

**I., II., III.**

{¶18} In Appellant's first, second, and third Assignments of Error, Appellant argues the trial court erred in finding the mineral and surface estates were not severed, that Appellee showed use of the disputed property, and that the 1958 oil and gas lease did not destroy plaintiff's claim of exclusive possession. We disagree.

{¶19} "Adverse possession focuses on the acts of the one claiming prescriptive ownership and requires proof of exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch*, 81 Ohio St.3d 577, 581, 692 N.E.2d 1099 (1998). A party who fails to prove any of the elements fails to acquire title through adverse possession. *Id.* at 579. The doctrine of adverse possession is disfavored and its elements are stringent. *Id.* at 580.

{¶20} Minerals underlying the surface, such as oil and gas, are part of the realty. *Chesapeake Expl., L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, ¶21. "The minerals may be severed from the rest of the realty for purposes of separate ownership." *Id.* quoting *Pure Oil Co. v. Kindall*, 116 Ohio St. 188, 201-202, 156 N.E. 119, 5 Ohio Law Abs. 190 (1927).

{¶21} Even though the surface land is separately owned from the mineral estate, Ohio recognizes the "truism" that even though the interests may be severed, "neither the owner of the surface interest nor the owner of the mineral interest has full ownership" because "[e]ach has rights that are subject to the rights of the other." *Snyder v. Ohio Dept. of Natural Resources*, 140 Ohio St.3d 322, 2014-Ohio-3942, 18 N.E.3d 416, ¶13. An adverse possession claim applies to acquisition of full title to real estate. *Hopper v. Boilermakers Union Local 105*, 4th Dist. Ross No. 753, 1980 WL 351010, *2. An oil and

gas lease affects the possession and custody of both the mineral and surface estates. *Buell* at ¶60. The lessee enjoys a reasonable use of the surface estate to accomplish the purpose of the lease. *Id.*

**{¶22}** Appellant must demonstrate, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use of the disputed property for a period of twenty-one years. *Id.* Failure to prove any one of the elements by clear and convincing evidence results in failure to acquire title by adverse possession. *Id.*

**{¶23}** "Use of the property does not have to be exclusive of all individuals. Rather, it must be exclusive of the true owner entering onto the land and asserting his right to possession. It must also be exclusive of third persons entering the land under their own claim of title, or claiming to have permission to be on the premises from the true title holder." *Kaufman v. Geisken Enterprises, Ltd.*, 3d Dist. Putnam No. 12-02-04, 2003-Ohio-1027, ¶39.

**{¶24}** The record demonstrates that even if Appellee or The East Ohio Gas Company has not physically occupied the surface of the disputed property, The East Ohio Gas Company, by operation of the 1958 lease, has had the right of possession. The 1958 lease gave The East Ohio Gas Company and its successors in interest the right to develop the subsurface and surface property to allow for the extraction of the oil and gas. The Dielhenn No.4 well was drilled and put into use which includes, in part, the disputed property. Therefore, since 1958, any possession alleged by Appellant was never exclusive and would preclude a finding of adverse possession.

{¶25}  Accordingly, Appellant's first, second, and third Assignments of Error are overruled.

{¶26}  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/br 0923